Benjamin Shalleck, J.
Plaintiff herein in an action pursuant to section 11-101 of the General Obligations Law (the Dram Shop Act) recovered an aggregate verdict against defendant in the sum of $30,500, of which pursuant to court instructions, the jury allocated $27,500 as actual damages and $2,500 as exemplary damages. By separate motion after trial, defendant seeks a $6,000 reduction in the amount to be recovered, representing the amount heretofore obtained by plaintiff as a result of settlement negotiations with the intoxicated tortfeasor’s insurer.
The only New York decisions found in point are Playford v. Perich (2 Misc 2d 170) and Kinney v. 1809 Forest Ave. (7 Misc 2d 1) both lower court decisions. In both cases, it was held in essence that the recovery against the ‘ ‘ dram shop ’ ’ owner should not be reduced by the amount of any settlement received in prior actions against others, arising out of the same incident. As was stated in the Playford case (p. 173): “there can be no diminution of the penalty in the way of damages fixed thereby [pursuant to section 16 of the Civil Rights Law, now section 11-101 of the General Obligations Law], by applying in reduction or mitigation thereof, an amount of money fortuitously recovered in an action for wrongful death, either by way of settlement or a verdict therein ’ ’. In Kinney, the court stated (p. 4) that “ The statutory action predicated upon the willful violation of a statutory prohibition is wholly unrelated to any action for negligence and there can be no diminution of the penalty in the way of damages fixed thereby [citing Playford] ’ ’.
While, as defendant argues, cases in other jurisdictions hold to the contrary, the above statements appear well founded when *382 considering the intent of the statute is to discourage the unlawful dispensing of alcoholic beverages. The statute provides for the award of actual and exemplary damages. Clearly, insofar as the exemplary damages awarded are concerned, there should be no diminution, for the penal effect of the statute would be substantially vitiated thereby. However, insofar as actual damages are concerned and in accord with the general practice against allowing double recoveries for one injury, it is the opinion of this court that actual damages should be reduced by the amount of the prior settlement. The provision in the statute for the award of two types of damages in suits based thereon indicates that the penal aspect was considered apart from that provision which allowed the award for actual loss. To the extent a prior recovery has been had, based upon actual damages suffered by the plaintiff, his real losses, at the time of the decision of the action under the statute, have in fact been reduced.
In view of the foregoing, the motion is granted to the extent of reducing the judgment to be entered on the verdict for actual damages incurred in the amount obtained in prior settlement.