JOSEPH ARRIGO, Appellant, v. JOSEPH T. CONWAY et al., Respondents.

Fourth Department, April 8, 1971.

*Brownstein, Canale, Madden & Brownstein (John J. Madden* of counsel), for appellant.

*O'Shea, Adamson, Reynolds & Napier (John E. Adamson, Jr.,* of counsel), for Joseph T. Conway, respondent.

*Brown, Kelly, Turner, Hassett & Leach (Paul M. Hassett* of counsel), for Henrietta Van Schoonhoven, respondent.

MOULE, J.   Plaintiff and defendant Conway were traveling southerly on a four-lane highway which had two lanes for southbound traffic and two lanes for northbound traffic, separated by a double yellow line.   After a number of unsuccessful efforts plaintiff passed the Conway car, and then stopped for a red traffic light at an intersection.   It was dark and the lighting in the area of the intersection was poor.   Plaintiff testified that while stopped, his car was struck in the rear by the Conway car; that he left his car and went back to Conway's car, which was standing 8 to 12 inches from the center line of the highway,

and as he walked past the left door Conway opened it at about a 90-degree angle. Conway claimed that plaintiff put his hand on the knob of the left door and opened it about 80 degrees, causing it to extend over the double yellow line. While plaintiff was standing behind the open car door, it was struck by defendant Van Schoonhoven's car, which was traveling north, and the door, in turn, struck plaintiff in the back. Conway and Van Schoonhoven testified that the door extended over the double yellow line. Plaintiff apparently did not know whether it did, since he merely testified, "To my knowledge it was not over the double yellow line." Defendant Conway denied striking plaintiff's car and said that plaintiff opened the door. The driver of another car stopped at the intersection testified that Conway's car did not strike plaintiff's car. He said that plaintiff got out of his car, grabbed Conway's door handle fast, opened the door, stepped in between the door and the car, and was struck by the door all within a few seconds.

The court properly charged the jury that if plaintiff's car was not struck by Conway's car, plaintiff's presence on the highway without explanation was contributory negligence as a matter of law. Contributory negligence is conduct which falls below the standard to which a plaintiff should conform for his own protection. (*Volosko* v. *Interurban St. Ry. Co.*, 190 N. Y. 206; Restatement, Torts 2d, § 463.) It is elementary that the plaintiff had a duty to look to his own safety. (*Mignery* v. *Gabriel*, 2 A D 2d 218, affd. 3 N Y 2d 1001.) In *Morales* v. *Rothke* (22 A D 2d 870, affd. 18 N Y 2d 913), plaintiffs, who walked on a busy highway with their backs to oncoming traffic, were held to be contributorily negligent as a matter of law. In *Rossman* v. *La Grega* (32 A D 2d 675), the decedent, who stood in the roadway to warn traffic of a disabled vehicle, was held to be contributorily negligent as a matter of law.

The dissenters would distinguish *Morales* and *Rossman* from this case on the grounds that in those cases "the injured plaintiff was in defendant's lane of traffic". Although plaintiff, in this case, may have been on the southbound side of the road, the only positive evidence established that the door of Conway's car was opened so wide that it projected into the northbound lane. Plaintiff stood between it and the car and anyone driving northbound striking the car door would cause it to strike plaintiff. If plaintiff's car was not struck by Conway's, there was no reason for him to be out in the middle of the highway with his back to oncoming traffic. He put himself in a position of danger and cannot be heard to complain of the consequences.

The judgment should be affirmed.

CARDAMONE, J. (concurring). The legal question presented is whether the plaintiff acted with the care that a reasonably prudent man would have used under the circumstances. Ordinarily this presents a question of fact for the jury. Where there is no dispute upon the facts and only one conclusion can be drawn therefrom, then the court may decide it as a question of law (*Nelson* v. *Nygren*, 259 N. Y. 71, 76).

The testimony here reveals that plaintiff, Arrigo, stopped his car in the southbound lane of Military Road nearest the double yellow center line and started back toward the Conway car. Conway testified that plaintiff opened his door about 80 degrees causing it to extend over the double yellow line. Plaintiff himself conceded that the left side of the Conway vehicle was no less than 8 inches and no more than 12 inches from the nearest edge of the double line. Thus, it would seem clear that the opened door was over the double yellow line. It was while the plaintiff was so positioned that defendant Van Schoonhoven's vehicle traveling in a northerly direction struck the Conway door which, in turn, struck plaintiff in the back.

Plaintiff's explanation for his presence as he testified in direct examination was that the Conway " automobile ran into the rear end of mine   *   *   *   I put the car in park. I left my car, closed the door, proceeded back to the car that was in the rear of mine." " Q. All right. Now, what was the purpose of your getting out of your car? A. Mainly I wanted to see if the gentleman was all right. Under the circumstances I didn't know whether he would be ill or whatever the case may be." Plaintiff had previously testified that the Conway car had been weaving on the highway before he passed it.

Granting that plaintiff thought something was wrong with the driver of the car behind him, such does not exculpate him from the consequences of his own actions. The plaintiff had also testified that it was dark out and that he knew this was a heavily traveled thoroughfare but that he had not looked to see if there was any traffic facing north before he walked back to the car behind him.

Thus, it appears beyond dispute on the record that plaintiff placed himself in the presence of a known danger from oncoming traffic. He was required to exercise that degree of care and caution for his own safety commensurate with the danger reasonably to be apprehended. The proof is devoid of any evidence of plaintiff's taking precaution or due care for his own safety that would exonerate him of the charge of contributory negligence. Where the plaintiff's testimony to exculpate himself is insufficient, as it is here, it is, in the eye of the law, no evidence (*Blum* v. *Fresh*

*Grown Preserve Corp.,* 292 N. Y. 241, 245). Thus the only conclusion that can be drawn from the evidence in the record is that plaintiff's actions were so reckless of his own safety as to constitute negligence as a matter of law (*Morales* v. *Rothke,* 22 A D 2d 870, affd. 18 N Y 2d 913; *Casey* v. *Ross,* 10 N Y 2d 834; *Rossman* v. *La Grega,* 32 A D 2d 675).

There being no question to submit to a jury, the judgment below should be affirmed.

DEL VECCHIO, J. P. (dissenting). Upon the record before us, a factual issue was presented with respect to whether plaintiff was contributorily negligent. In our view, this issue should have been submitted to the jury and not have been decided as a matter of law.

Plaintiff testified that because of the manner in which the Conway car was being operated he had difficulty in passing it; that after he stopped for the red light he went back to Conway's car, which was directly behind his, to see whether Conway was ill. He walked back between the cars and the 12-inch solid double yellow line and was never in the northbound lane; after the door was opened it did not extend over the double yellow line. While standing still and talking to Conway, without any warning of oncoming traffic, the door was struck by the Van Schoonhoven car.

Conway testified, among other things, that the door was not opened to its full extent; that his car was from 15 to 18 inches from the yellow line and that the accident happened so fast that he could not see exactly whether the door extended over the double line. In his motor vehicle report he stated that at the time of the impact it was obvious that the Van Schoonhoven car was riding on the double yellow line. He also testified that he observed her car riding on the double yellow line.

Van Schoonhoven testified that she never saw anybody open the door, never saw anybody in the roadway and first observed plaintiff after she had struck the door. In her opinion the door was one-half over the double line.

The court in its charge pointed out that there was a conflict in the testimony on the important issue whether the Van Schoonhoven vehicle crossed the solid double line. It said: "Did she cross the line? There is a dispute here." It also charged: "If you find after examining all of the facts and circumstances that both the action of Mr. Conway opening the door and Mrs. Van Schoonhoven in the operation of her car were negligent and caused the accident and there was freedom from contributory negligence on the part of the plaintiff, then both Van Schoon-

hoven and Conway are to be held responsible for the damages to the plaintiff ''. The effect of this charge was completely nullified and the jury became confused when the court also charged that if the jury found that there was no collision between Conway and Arrigo then, '' I charge you as a matter of law that the developing situation involving the plaintiff Arrigo is contributory negligence and this bars him from recovery against either Van Schoonhoven or Conway in the second accident.'' An exception was duly taken to this portion of the charge.

The fact that the jury returned for further instruction is an indication that it was confused by the main charge. It asked the court, '' If we find there is no first accident, would this rule out the cause of action in the second accident? '' The court then instructed the jury that '' as a matter of law if there was no collision in the first accident, then there would be no cause of action in any of the causes of action.'' This was reversible error (see *Miller* v. *Hine,* 281 App. Div. 387).

The majority take the position that this instruction was proper because '' plaintiff's presence on the highway without explanation was contributory negligence as a matter of law.'' The record indicates, however, that plaintiff's presence on the highway could have been the result of plaintiff's belief that the Conway car had struck the rear of his car or the fact that the Conway car had been weaving on the highway before plaintiff passed it, leading plaintiff to believe that there was something wrong with the driver of that car. When asked what was the purpose of getting out of his car, plaintiff replied: '' Mainly I wanted to see if the gentleman was all right. Under the circumstances I didn't know whether he would be ill or whatever the case may be.''

Under the facts and circumstances shown in the record the jury could have found that the door of Conway's car did not extend beyond the double line, that plaintiff was standing on his own side of the highway and therefore not in a position of danger. If the jury so found, then plaintiff was not negligent since he did not create a dangerous condition for cars properly traveling in a northerly direction. Furthermore, he is not bound to anticipate that anyone is going to disobey the law and had the right to assume that a northbound car would not violate rules of the road by crossing the double solid yellow line. (*Pecora* v. *Marique,* 273 App. Div. 705; see, also, *Pfaffenbach* v. *White Plains Express Corp.,* 17 N Y 2d 132.) The court properly charged that pursuant to the provisions of the Vehicle and Traffic Law Van Schoonhoven was obligated to stay on her side of the double line. Upon all the proof the jury could find that the negligent act of defendant Van Schoonhoven in crossing the dou-

ble line and going onto her wrong side of the highway was the sole proximate cause of the accident (*Wilday* v. *King*, 33 A D 2d 970).

Whether or not a collision occurred between Conway and plaintiff, we conclude that whether plaintiff unreasonably exposed himself to foreseeable danger is a matter of fact and not a matter of law. " The question of contributory negligence ordinarily is a question of fact. It is only when there is no dispute upon the facts and only one conclusion can be drawn therefrom that it may be decided as a question of law." (*Nelson* v. *Nygren*, 259 N. Y. 71, 76).* In *Wilday* v. *King* (*supra*, pp. 971–972) the court said: " The questions of negligence and contributory negligence were questions of fact to be determined by the jury as well as the question of credibility of the witnesses since the weight attributed to their testimony was also for the jury's determination." (see, also, *Swensson* v. *New York, Albany Despatch Co.*, 309 N. Y. 497).

The cases relied on by the majority are clearly distinguishable on the facts. In each case it was undisputed that the injured plaintiff was in defendant's lane of traffic and exposed himself to foreseeable danger which contributed to the happening of the accident.

For the above reasons the judgment should be reversed on the law and a new trial granted in the action against defendant Van Schoonhoven with costs to appellant to abide the event.

MARSH, J., concurs with MOULE, J.; CARDAMONE, J., concurs in a separate opinion; DEL VECCHIO, J. P., dissents and votes to reverse on the law and grant a new trial in an opinion in which GABRIELLI, J., concurs.

Judgment affirmed, with costs.

* See *Rossman* v. *La Grega*, 28 N Y 2d 300, decided Apr. 21, 1971.