Habold J. Hughes, J.
This is a motion by defendant Orthodox Christian Association of Cohoes, Inc., pursuant to CPLR 3025 (subd. [b]), for leave to amend its answer to assert cross claims against the other defendants for an apportionment of liability in accordance with Dole v. Dow Chem. Co. (30 N Y 2d 143). The question raised is whether the rule announced in Dole should be extended to an action based on 'an alleged willful violation of a statute (General Obligations Law, § 11-101) rather than negligence.
Defendants are the owners of four licensed establishments at which one Chester Pecak was served alcoholic beverages in varying amounts shortly before the automobile he was driving struck and injured plaintiff. Alleging that defendants dispensed liquor to Pecak in violation of section 65 of the Alcoholic Beverage Con *735 trol Law, in that he was already intoxicated, plaintiff here seeks to recover damages under section 11-101 of the General Obligations Law, which provides: “1. Any person who shall be injured in person, property, means of support, or otherwise by any intoxicated person, or by reason of the intoxication of any person, whether resulting in his death or not, shall have a right of action against any person who shall, by unlawfully selling to or unlawfully assisting in procuring liquor for such intoxicated person, have caused or contributed to such intoxication; and in any such action such person shall have a right to recover actual and exemplary damages.”
The complaint also sets forth a second cause of action based on common-law negligence.
Defendant association, alleging that Pecak procured only one drink at its establishment, seeks to amend its answer to assert cross claims against the other defendants in order that its liability to the plaintiff, if any, be apportioned among all defendants in accordance with their respective responsibility or fault. A codefendant, Verdiles Holding Corp., opposes the granting of this relief on two grounds: (1) the rule announced in Dole v. Dow Chem. Co. (30 N Y 2d 143, supra) is limited to negligence actions, and the remedy afforded by the Dram Shop Act is not based on negligence; (2) since -the statute imposes strict liability, damages cannot be apportioned on the basis of fault.
The court agrees that the first cause of action set forth in the complaint is based, not on negligence, but on the willful violation of a statutory prohibition (Moyer v. Lo Jim Cafe, 19 A D 2d 523, affd. 14 N Y 2d 792), and that the Court of Appeals has not yet applied the rule of relative contribution except in negligence actions (Dole v. Dow Chem. Co., supra Kelly v. Long Is. Light. Co., 31 N Y 2d 25). However, in Wood v. City of New York (39 AD 2d 534), those defendants who allegedly sold liquor to an intoxicated driver who thereafter struck and injured the plaintiff were permitted to cross-claim against the driver on the authority of Dole v. Dow Chem. Co. It appears to this court that if a dispenser of alcoholic beverages is entitled to an apportionment of damages as between himself and the person who directly caused the injury, he would also be entitled to an apportionment of liability between himself and others who had either caused or contributed to the intoxication of that person.
Nor would the apportionment of damages recovered by a successful plaintiff interfere with the rule of strict liability imposed by the statute (see Berkeley v. Park, 47 Misc 2d 381). While the fact that an intoxicated person has purchased intoxi *736 eating beverages from other establishments does not absolve the vendor from full liability if violation of the statute has been proved (McNally v. Addis, 65 Misc 2d 204, 210), it is now settled that the injured party is entitled to only one recovery for all his actual injuries (Mitchell v. The Shoals Inc., 48 Misc 2d 381, affd. 26 A D 2d 78, affd. 19 N Y 2d 338). Applying the rule announced in Dole v. Dow Ghem. Co. would not impair plaintiff’s remedy under the statute, for “ the rule of contribution does not apply to or change the plaintiff’s right to recover against any joint tort-feasor in a separate or common action the total amount of his damage suffered and not compensated ” (Kelly v. Long Is. Light. Co., 31 N Y 2d 25, 30, supra).
It is concluded, therefore, .that there is no basis in logic or policy for refusing to extend the rule announced in Dole v. Dow Chem. Co. to the facts of this case. "Whether the relative degree of fault should be determined on the basis of the number of drinks procured by the driver at each establishment, or other factors, is for a jury to determine after considering all of the evidence. Defendants would, in any event, be entitled to cross-claim against their codefendants for an apportionment of liability upon -the second, or negligence, cause of action.
The motion for leave to serve an amended answer is granted, without costs.