DONNA G. WEINHEIMER, Plaintiff, v FREDERICK W. HOFF-
MAN, Defendant and Third-Party Plaintiff-Respon-
dent. YVONNE LUSKIN, Third-Party Defendant; DONNA
J. GALL, as Administratrix of the Estate of GERHARD
K. GALL, JR., Deceased, Third-Party Defendant-Appel-
lant.

Third Department, December 8, 1983

**APPEARANCES OF COUNSEL**

*Hesson, Ford, Sherwood & Whalen* (*Matthew J. Kelly* of
counsel), for third-party defendant-appellant.

*Roemer & Featherstonhaugh* (*Richard E. Doling* of coun-
sel), for defendant and third-party plaintiff-respondent.

Levine, J.

Plaintiff, the widow of Roy B. Weinheimer, commenced the instant action against defendant and third-party plaintiff Frederick W. Hoffman (Hoffman) as owner of the Log Cabin Inn, a tavern in the Town of Colonie, Albany County. Her complaint sets forth two causes of action for damages arising out of the death of her husband in a collision between his automobile and a truck owned and operated by Gerhard K. Gall, Jr., who was also killed in the accident. The first cause of action asserts liability against Hoffman under the Dram Shop Act (General Obligations Law, § 11-101) for selling alcoholic beverages to Weinheimer when he was intoxicated. The second cause of action is pleaded in common-law negligence. Hoffman answered the complaint and then started a third-party action against Yvonne Luskin, his employee who allegedly served the deceased and loaned him her car, and against the estate of Gall, based upon a claim that his negligent operation of his truck contributed to the happening of the fatal accident. Gall's administratrix moved for summary judgment dismissing the third-party complaint, and now appeals from the denial of her motion.

The principal question on appeal is, when a tavern owner is sued under the Dram Shop Act by the widow of his deceased vendee, may he seek contribution from another possible tort-feasor for negligently contributing to the death of that vendee? The third-party defendant advances a series of substantive, policy and procedural arguments against permitting contribution. First, it is asserted that the underlying basis for contribution requires that there be common liability to the plaintiff in the main action on the part of both the primary defendant and the person against whom he claims over. Put another way, Gall's administratrix argues that since her decedent owed no possible duty directly to plaintiff widow and is only subject to suit by the representative of Weinheimer's estate in a wrongful death action (citing EPTL 5-4.1), there can be no indirect liability imposed by way of contribution to any recovery of the widow against the tavern owner under the Dram Shop Act.

■ We think that this argument too restrictively applies New York's tort-feasor contribution statute (CPLR art 14). The widow's Dram Shop Act claim is for the loss of her means of support arising out of the death of Hoffman's vendee (General Obligations Law, § 11-101, subd 1). If Gall's negligence is established, his estate is liable in a wrongful death action to the deceased vendee's distributees, including the widow, for their pecuniary loss because of his death (EPTL 5-4.4). The contribution statute does not narrowly focus on the identity of a single potential plaintiff, but points instead to the identities of potential defendants, who may claim contribution from one another if each is "subject to liability for damages for the same personal injury, injury to property or wrongful death" (CPLR 1401). The statutory right of contribution is broadly phrased, and literally applies, since both Hoffman and Gall's estate may be subject to liability for the wrongful death of Weinheimer. As distinguished commentators on the CPLR have noted, contribution lies not only as to joint tort-feasors, but also as to concurrent, successive, independent, alternative, and even intentional tort-feasors; it applies regardless of the theory or consistency of theory upon which liability may be imposed either as to the claims between them or the main claim (Siegel, NY Prac, § 172, p 213; McLaughlin, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C1401:4, p 363).

Clearly, the disability of the plaintiff to sue the third-party defendant directly is no impediment to a claim over for contribution. Otherwise, there could be no third-party action against a plaintiff's employer made immune from direct suit by the Workers' Compensation Law — probably the most common of all contribution cases (cf. *Dole v Dow Chem. Co.,* 30 NY2d 143). Modern precedent also specifically supports apportionment of liability by way of contribution in Dram Shop Act cases. Thus, in *Wood v City of New York* (39 AD2d 534) and *Anderson v Comardo* (107 Misc 2d 821), tavern owners sued under the Dram Shop Act by the injured victim of their intoxicated customers were permitted to claim over against the vendees. And in *Mitchell v The Shoals* (48 Misc 2d 381, affd on other grounds 26 AD2d 78, affd 19 NY2d 338), apportionment was also

impliedly sanctioned when the plaintiff's prior recovery against the intoxicated vendee was set off against the plaintiff's recovery from the Dram Shop Act defendant.

Moreover, CPLR article 14 was enacted on the recommendation of the Judicial Conference, in response to the landmark contribution decision in *Dole v Dow Chem. Co.* (*supra*). In its supporting memorandum to the Legislature, the Judicial Conference explicitly pointed out the possible application of proposed CPLR 1401 to permit contribution in Dram Shop Act cases (see Twentieth Ann Report of NY Judicial Conference, 1975, p 216).

We are equally unpersuaded by third-party defendant's dual policy arguments against permitting a claim for contribution here. She contends, first, that contribution weakens the deterrent purpose of the Dram Shop Act's imposition of strict liability against the tavern owner for serving an intoxicated customer. This argument, however, has already been undercut by the previously discussed decisions permitting a Dram Shop Act defendant to set off a plaintiff's recovery from other sources and authorizing a claim over against the vendee when the plaintiff is the victim of the vendee's drunken conduct. Further, the Judicial Conference, in its previously cited report, used a Dram Shop Act case as an illustration of where contribution should lie because it would not defeat the legislative policy for holding a primary defendant strictly liable (*ibid.*). Rather, as in the case of the similarly strict statutory nondelegable liability of owners and contractors under the Labor Law, Dram Shop Act defendants should be permitted to obtain contribution because of the general availability of insurance and general policy in favor of apportionment of damages among tort-feasors (see *Kelly v Diesel Constr. Div.,* 35 NY2d 1, 4).

Third-party defendant's alternative policy argument raises the possibility that, if a claim over on behalf of the tavern owner is permitted, the alleged co-tort-feasor may in turn assert a fourth-party claim against the deceased vendee's estate. This, it is contended, would defeat the purpose of the Dram Shop Act fully to compensate the vendee's next of kin. The risk of any fourth-party claim resulting in the diminishment of the widow's recovery here

is illusory, however. First, in a Dram Shop Act case by a dependent of the intoxicated vendee, the defendant tavern may not avoid or reduce liability based upon the vendee's negligence (*Vadasy v Feigel's Tavern*, 88 Misc 2d 614, 617, affd 55 AD2d 1011; 3 Warren, Negligence in NY Courts [3d ed], Intoxicated Persons, § 3.06, pp 341-342). Thus, as to plaintiff widow's action here for loss of her husband's support, Hoffman bears the full responsibility for what her husband did in his intoxicated state to bring about his own death, and none of it can be shifted to third-party defendant. Gall's estate cannot claim over for a nonexistent liability based on the negligence of plaintiff's husband. Moreover, since third-party plaintiff Hoffman clearly cannot shift his liability for plaintiff widow's pecuniary loss to her husband's estate, any fourth-party claim against that estate would fail to meet the statutory requirement that all potential contributors must be "subject to liability for damages for the same * * * wrongful death" (CPLR 1401).

The foregoing also effectively answers third-party defendant's remaining objection to contribution, namely, that it would be totally unfeasible to apportion fault among the Dram Shop Act defendant and the two drivers involved in the accident under different strict statutory and duplicative comparative negligence standards of liability. Our ruling that prevents Hoffman from shifting his Dram Shop Act responsibility for plaintiff's loss of support on the basis of plaintiff's decedent's negligence largely obviates any practical problem of apportionment. There thus is no greater difficulty in apportioning fault here between two potentially liable tort-feasors than is presented in any case where contribution among those responsible for injury may be imposed on the basis of different theories of liability.

■ ■ Accordingly, Special Term correctly refused to dismiss the third-party complaint insofar as it seeks to enforce contribution to plaintiff's compensatory damages. Recovery may not be sought for contribution to any award for exemplary damages plaintiff may recover against Hoffman (see *Anderson v Comardo*, 107 Misc 2d 821, 827, *supra; Mitchell v The Shoals*, 48 Misc 2d 381, 382, *supra*). Dismissal of the third-party complaint was appropriate, however, to the extent that it also seeks contribution

toward Hoffman's liability under plaintiff's second cause of action. That cause of action, also for damages arising out of plaintiff's husband's death, is pleaded in common-law negligence. However, the sole remedy in negligence for loss of a deceased spouse's support and services is an action for wrongful death (*Osborn v Kelley,* 61 AD2d 367, 370), which may only be brought by the decedent's personal representative (EPTL 5-4.1). Since plaintiff clearly has brought the instant action solely in her individual capacity, she will thus be unable to prevail against Hoffman on her second cause of action. A *sine qua non* of any third-party action for contribution is that there be some possibility of liability of the third-party plaintiff on the primary claim (*Holodook v Spencer,* 36 NY2d 35, 51). Therefore, in the instant case, Hoffman has no viable right of contribution against third-party defendant on plaintiff's second cause of action.

The order should be modified, on the law, by dismissing so much of the third-party complaint as seeks contribution or indemnification on plaintiff's second cause of action, and, as so modified, affirmed, with costs to third-party plaintiff Hoffman against third-party defendant Gall.

SWEENEY, J. P., CASEY, MIKOLL and YESAWICH, JR., JJ., concur.

Order modified, on the law, by dismissing so much of the third-party complaint as seeks contribution or indemnification on plaintiff's second cause of action, and, as so modified, affirmed, with costs to third-party plaintiff Hoffman against third-party defendant Gall.