Todd Smith, Plaintiff, v Lawrence J. Guli et al., Defendants.

Jack Ryan's Place, Inc., et al., Third-Party Plaintiffs-Respondents, v Richard J. Horan et al., Third-Party Defendants, and Wambach Farms, Inc., Third-Party Defendant-Appellant.

Fourth Department, January 29, 1985

**APPEARANCES OF COUNSEL**

*Greisberger, Zicari, McConville, Cooman & Morin, P. C.* (*Richard A. Dollinger* of counsel), for third-party defendant-appellant.

*Culley, Marks, Corbett, Tanenbaum, Reifsteck & Potter* (*Cheryl Heller Siragusa* of counsel), for third-party plaintiffs-respondents.

**OPINION OF THE COURT**

Callahan, J. P.

This appeal concerns a third-party action commenced by defendants third-party plaintiffs Jack Ryan's Place, Inc., Jack Ryan, Jr., and Ada Ryan (Jack Ryan's) against Wambach Farms, Inc. (Wambach's), third-party defendant. The original action was instituted by plaintiff Todd Smith against several defendants, including Jack Ryan's, seeking damages for personal injuries suffered as a passenger in an automobile accident.

Plaintiff's complaint alleges that Jack Ryan's Place, a tavern in the City of Rochester, violated New York's Dram Shop Act (General Obligations Law, § 11-101, subd 1) when it sold, served, or gave away alcoholic beverages to codefendant Lawrence J. Guli, knowing that he was then under the influence of alcohol or intoxicated. Plaintiff Smith did not assert a direct action against Wambach's.

At an examination before trial, Guli disclosed that he was 17 years old and did not possess a driver's license on the date of the accident. He detailed the amount, manner and location of alcoholic beverages consumed on the evening prior to the accident in which the plaintiff was injured. He stated that he and two friends drove his mother's automobile to Wambach's, a retail grocery store operated by third-party defendant, where they purchased a six-pack of beer. After drinking one or two of those beers, he went to a liquor store and purchased a pint of whiskey. He drank six or seven shots of whiskey and then went to a church festival where he had two to four beers. After leaving the festival, he returned home where he found a quart of Jim Beam liquor. He and a friend each had about six shots of Jim Beam as they drove around in the friend's car. After this, they picked up plaintiff Todd Smith. They then went to another grocery store where they purchased an eight-pack of beer. While he and his friend split seven beers, plaintiff drank the other one. They went back to the church festival where they consumed some more beer and then proceeded to drive around during which time he and his friend split 10 additional shots of Jim Beam. Next, they traveled to the Main Place Bar where they consumed a "Kamikaze". They then went to Jack Ryan's where they had a "boilermaker". Not surprisingly, Guli admitted that he was intoxicated at the time of the accident.

Following Guli's examination before trial, defendant Jack Ryan's commenced a third-party action seeking contribution from Wambach's and all other vendors who sold or served Guli alcoholic beverages. Wambach's brought a motion to dismiss the third-party complaint pursuant to CPLR 3211 (subd [a], par 7) for failure to state a cause of action. In its motion papers, Wambach's asserted that public policy prohibits one tort-feasor from obtaining contribution or apportionment of damages in the circumstances of this case. On this appeal from Special Term's summary denial of the motion to dismiss, Wambach's maintains that Jack Ryan's is precluded from maintaining the third-party action since its own wrongful and illegal conduct was in direct violation of fundamental New York public policy.

Wambach's relies heavily on the rationale in *Barker v Kallash* (63 NY2d 19, affg 91 AD2d 372), which prohibits a party from establishing a claim for damages based on his own wrongful conduct. In *Barker,* an infant plaintiff, who was injured while constructing a pipe bomb, an illegal activity, attempted to maintain a tort action against the nine-year-old defendant who allegedly sold him the firecrackers from which the gunpowder used to construct the bomb was obtained. The Court of Appeals, in precluding the action, stated that "when the plaintiff's injury is a direct result of his knowing and intentional participation in a criminal act he cannot seek compensation for the loss, if the criminal act is judged to be so serious an offense as to warrant denial of recovery * * * [T]he rule is grounded in public policy and holds that a claimant whose injuries are the direct result of his commission of what is judged to be serious criminal or illegal conduct is not entitled to recover." (*Barker v Kallash, supra,* pp 25-26.) Third-party defendant Wambach's seeks to apply that rationale to this third-party action for contribution in a dram shop action.

In our view, Wambach's misconstrues the impact of *Barker* (*supra*) and fails to appreciate the distinction between an action to recover damages and an action to apportion liability among tort-feasors. Public policy considerations, that one may not profit from his own wrong (*Riggs v Palmer,* 115 NY 506, 511), do not apply to third-party actions involving contribution between joint, concurrent, or successive tort-feasors. Here, it is not a plaintiff seeking to recover damages despite his own illegal conduct, but rather a defendant, who allegedly violated New York's Dram Shop Act, seeking to recover contribution from other covendors, who may also have violated the statute. Hence, Wambach's argument that contribution claims in Dram Shop Act actions violate the fundamental public policy of New York prohibiting recovery by one who suffers an injury while engaged in illegal conduct, is unpersuasive.

In a Dram Shop Act action, the vendor of alcohol and the intoxicated tort-feasor are "subject to liability for damages for the same personal injury, injury to property or wrongful death" and, accordingly, may claim contribution among themselves as to compensatory damages awarded to the injured party (CPLR 1401; *Wood v City of New York,* 39 AD2d 534; *Anderson v Comardo,* 107 Misc 2d 821). Exemplary damages awarded pursuant to the Dram Shop Act are in the nature of a penalty; hence, they are not subject to the principle of contribution (*Mitchell v The Shoals, Inc.,* 48 Misc 2d 381, affd 26 AD2d 78, affd 19 NY2d 338).

CPLR 1401 codified the Court of Appeals decision in *Dole v Dow Chem. Co.* (30 NY2d 143) which permitted defendant chemical manufacturer to assert a claim for contribution against plaintiff's employer, despite the fact that the plaintiff was prohibited from suing the employer directly. The right to implead under the *Dole v Dow* theory is a completely different type of a right than the right to damages and compensation for personal injuries (*Tarantola v Williams,* 48 AD2d 552, 554). Thus, *Dole* created a right of contribution regardless of whether or not the other tort-feasors had been sued by the injured plaintiff. Moreover, CPLR 1401 applies not only to joint tort-feasors, but also to concurrent, successive, independent, alternative, and even intentional tort-feasors (*Schauer v Joyce,* 54 NY2d 1, 5; *Taft v Shaffer Trucking,* 52 AD2d 255, 259); it applies regardless of the theory or consistency of theory upon which liability may be imposed either as to the claims between them or the main claim (Siegel, NY Prac, § 172, p 213; McLaughlin, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C1401:4, p 363).

New York's Dram Shop Act is designed to compensate victims for their injuries due to the illegal sale of liquor. An illegal sale of liquor includes the sale of alcoholic beverages to a minor (Alcoholic Beverage Control Law, § 65, subd 1). It is well established that one's liability for violations under the Dram Shop Act can be apportioned among tort-feasors (*Herrick v Second Cuthouse,* 100 AD2d 952, affd 64 NY2d 692; *Wood v City of New York, supra; Anderson v Comardo, supra*). In our view, this right of contribution can and should extend to apportionment claims between covendors (see *Rubel v Stackrow,* 72 Misc 2d 734). The contribution statute (CPLR art 14) does not narrowly focus on the identity of a single potential plaintiff, but rather is concerned with potential defendants, who may claim contribution from one another if each is subject to liability for damages for the same injury (*Weinheimer v Hoffman,* 97 AD2d 314, 316; cf. *Bartlett v Grande,* 103 AD2d 671).

Accordingly, and in view of the fact that third-party complaints have to be liberally construed (*Taft v Shaffer Trucking, supra,* p 257; *Braun v City of New York,* 17 AD2d 264, 268), Special Term properly denied the motion to dismiss the third-party complaint for failure to state a cause of action.

DENMAN, BOOMER, O'DONNELL and SCHNEPP, JJ., concur.

Order unanimously affirmed, with costs.