OPINION OF THE COURT
Angelo J. Ingrassia, J.
This was originally a negligence action with a third- and fourth-party claim for indemnity. Although the motion papers do not fully reflect the fact, the three actions have been severed from each other. In the main action the plaintiff is seeking wrongful death damages arising from an automobile accident involving a car owned by the defendant J.S.M. Contracting, Inc., and operated by the defendant Jamison Corcoran. It is alleged that Corcoran was intoxicated at the time of the accident. In the third-party action J.S.M. and Corcoran seek whole or partial indemnity from Old Route 6 Pub, Ltd., *605 and Rita Marino, who they claim sold intoxicating liquor to Corcoran. Their claim is based upon the Dram Shop Act (General Obligations Law § 11-101). In the fourth-party action Old Route 6 Pub and Marino seek indemnity from American Manufacturer’s Mutual Insurance Company and others, on the theory that they (American) should have provided them with proper insurance against a dram shop claim.
In these now separate actions, Old Route 6 Pub and Rita Marino (tavern owner) move to dismiss the indemnity claim of J.S.M. and Corcoran for failure to state a cause of action, and American moves for summary judgment, dismissing the tavern owner’s claim against it, and dismissing J.S.M. and Corcoran’s claim against the tavern owner.
These motions involve a determination of whether an intoxicated individual who causes injury can seek indemnity from one who may also be liable to the injured party under the Dram Shop Act.
The general rule in New York is that one who himself may be liable for damages for personal injury or wrongful death may seek indemnity in the way of contribution from anyone else who may also be liable for the same injury or death (CPLR 1401; Dole v Dow Chem. Co., 30 NY2d 143). The right of contribution exists regardless of whether or not the other tort-feasor has been sued by the injured plaintiff, and it applies not only between joint tort-feasors, but also to concurrent, successive, independent, alternative and even intentional tort-feasors (Smith v Guli, 106 AD2d 120, 123). In our case, if, as alleged, the tavern owners contributed to the intoxication of Corcoran, they, along with J.S.M. and Corcoran, would be liable for any injury caused by Corcoran in his intoxicated state (General Obligations Law § 11-101). Their liability would not be merely vicarious, but would stem from their independent wrongdoing of selling intoxicating liquor to an intoxicated person (King v Ees Tee Rest., 36 AD2d 680; Anderson v Comardo, 107 Misc 2d 821, 823). Consistent with the foregoing, it is well established that in a dram shop action the vendor of alcohol may claim contribution from the intoxicated tort-feasor (Wood v City of New York, 39 AD2d 534; Anderson v Comardo, supra). It has also been held that the right of contribution extends to apportionment claims between covendors (Smith v Guli, supra; see also, Rubel v Stackrow, 72 Misc 2d 734). There is no compelling reason why this same right should not be recognized on the part of the intoxicated tortfeasor to recover contribution from the vendor who has vio *606 lated the Dram Shop Act. The argument that contribution claims in Dram Shop Act actions violate the policy prohibiting recovery by one who suffers an injury while engaged in illegal conduct "is unpersuasive” (Smith v Guli, supra, p 122). Rather, to allow contribution in such cases would be in furtherance of the purposes of the Act, in discouraging the unlawful sale of alcoholic beverages (see, Mitchell v The Shoals, Inc., 48 Misc 2d 381, affd 26 AD2d 78, affd 19 NY2d 338).
In view of the foregoing the motion to dismiss J.S.M. and Corcoran’s claim for contribution for failure to state a cause of action is denied. The alternative request, to dismiss the claim as against Rita Marino, is granted. Ms. Marino has denied that she sold alcohol to Corcoran, and there is no showing to the contrary nor any other basis upon which to premise her individual liability.
The motion by American to dismiss the claim by J.S.M. and Corcoran against Old Route 6 Pub and Marino is denied. American is not a party to that claim and has no standing to challenge its sufficiency. In any event, the court has determined that the claim does state a cause of action for contribution. American’s request to dismiss Old Route 6 Pub and Corcoran’s claim against it for indemnity is granted. There is no showing that American nor anyone on its behalf represented that it would provide insurance coverage against a Dram Shop Act claim. It appears that the broker who allegedly made such a representation was an agent of the insured rather than of the insurer (see, Matco Prods. v Boston Old Colony Ins. Co., 104 AD2d 793, 795-796).
The movants shall submit separate orders, correctly reflecting the caption of their action, on notice.