THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARIE WHITE, Appellant.—Judgment unanimously affirmed. Counsel's application to withdraw granted *(see, People v Crawford,* 71 AD2d 38). (Appeal from judgment of Orleans County Court, Miles, J.—attempted assault, second degree.) Present— Doerr, J. P., Boomer, Balio, Lawton and Davis, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES BRAGER, Appellant.—Judgment unanimously affirmed. Counsel's application to withdraw granted *(see, People v Crawford,* 71 AD2d 38). (Appeal from judgment of Supreme Court, Monroe County, Mark, J.—violation of probation.) Present—Doerr, J. P., Boomer, Balio, Lawton and Davis, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CRAIG McCULLEN, Appellant.—Judgment unanimously affirmed. Counsel's application to withdraw granted *(see, People v Crawford,* 71 AD2d 38). (Appeal from judgment of Supreme Court, Erie County, Wolfgang, J.—attempted burglary, third degree.) Present—Boomer, J. P., Green, Pine, Davis and Lowery, JJ.

WILLIAM L. STAMBACH, by his Guardian ad Litem, WILLIAM KENYON, et al., Respondents, v LEON PIERCE, Appellant. WILLIAM L. STAMBACH, by his Guardian ad Litem, WILLIAM KENYON, et al., Respondents, v CHESHIRE VOLUNTEER FIRE COMPANY, INC., Appellant, et al., Defendant.—Order unanimously reversed on the law without costs and motion granted. Memorandum: The court erred in denying defendants' motion to dismiss plaintiffs' complaint because *Sheehy v Big Flats Community Day* (73 NY2d 629) effectively overruled the sole basis for our holding in *Stambach v Pierce* (136 AD2d 329) by holding that Penal Law § 260.20 (4) does not give rise to a private right of action in favor of a person under the legal purchase age who is injured as a result of his own alcohol consumption. On the original motion to dismiss, plaintiff had contended that a negligence cause of action in favor of such a person could be based on violation of Penal Law § 260.20 (4), Alcoholic Beverage Control Law § 65 (1), and General Obligations Law § 11-100. Supreme Court had ruled that the General Obligations Law did not create a cause of action in favor of the intoxicated recipient of the beverage. We had ruled that the Alcoholic Beverage Control Law did not. In light of *Sheehy,* we do not perceive any remaining basis for liability alleged in this complaint. (Appeal from order of Supreme Court, Ontario County, Henry, Jr., J.—dismiss complaint.) Present—Boomer, J. P., Green, Pine, Davis and Lowery, JJ.