OPINION OF THE COURT
Alan J. Saks, J.
The question posed by this motion to dismiss the third-party complaint is whether the owner and operator of a motor vehicle who are sued by a plaintiff pedestrian struck by said vehicle may seek contribution from a tavern that allegedly violated the Dram Shop Act (General Obligations Law § 11-101) by illegally selling liquor to the plaintiff, thereby causing *344 him to wander into the roadway. This appears to be a question of first impression.
In J.S.M. Contr. v Old Route 6 Pub (129 Misc 2d 604 [Sup Ct, Westchester County 1985]) (curiously not cited by either side here) it was held that a defendant driver or the owner of his vehicle may claim contribution from a third-party defendant tavern on the theory that the tavern’s violation of the Dram Shop Act caused the defendant driver to become intoxicated and thereby strike plaintiff. However, that case is clearly distinguishable from the instant one. There, the defendant driver’s intoxication would be no defense to the plaintiff’s claim, but the public policy of discouraging the unlawful sale of intoxicants would be served by making the illegal seller share with the voluntarily intoxicated person the social consequence of injury inflicted on an innocent person.
However, in the instant case the plaintiff’s alleged intoxication, if proved, may serve either to vitiate his entire claim if it is found to be the sole proximate cause of the accident or at least result in a diminution of his recovery if it is found to have been a contributing proximate cause. Therefore, there is no possibility that the defendants here can be monetarily injured by the third-party defendant’s alleged wrongful sale.
Accordingly, the motion by the third-party defendant to dismiss the third-party complaint is granted.