*769 OPINION OF THE COURT
Francis A. Affronti, J.
On November 17, 1991, the 20-year-old intoxicated plaintiff was physically injured when he ran onto a public highway and was struck by a vehicle driven by defendant Saleem, and owned by Elizabeth Ahmad, now deceased. This motion filed by third-party defendant seeks dismissal of the third-party complaint, which asserts a unique contribution claim, founded upon the allegation that the third-party defendant homeowner violated General Obligations Law § 11-100, by providing alcohol to the plaintiff, which contributed to his intoxication. Additionally, the third-party complaint alleges that Mr. Lasch, the homeowner, was negligent by allowing plaintiff to be present on the highway knowing that he was intoxicated. At the time of the accident, the plaintiff was a guest at a 21st birthday party given for another individual at Lasch’s residence, and attended by several other youths, also under the legal drinking age of 21. As such, if plaintiff is successful against the defendants, they seek monetary contribution from the homeowner.
The motion is premised upon the argument that the third-party complaint fails to state a cause of action (CPLR 3211 [a] [7]). Since the defendants concede that plaintiff’s injuries occurred on a public highway, adjacent to the Lasch home, and because it is well settled that the duty to control or supervise an intoxicated guest does not extend beyond one’s premises, clearly the third-party defendant is entitled to summary judgment dismissing defendants’ second cause of action alleging common-law negligence, which relief is herein granted. (See, CPLR 3211 [c]; Hosmer v Distler, 150 AD2d 974; see also, Sheehy v Big Flats Community Day, 137 AD2d 160, affd 73 NY2d 629; Armstrong v Petsche, 172 AD2d 1079; Martinez v Camardella, 161 AD2d 1107.)
However, a more difficult and intriguing issue relates to whether New York should recognize the third-party complaint’s contribution claim alleging a violation of General Obligations Law § 11-100. In this regard, a defendant may seek contribution from a third party where it is shown that a duty owed by that person, to another party, has been breached. (First Bible Baptist Church v Gates-Chili Cent. School Dist., 172 AD2d 1057.)
On this point, the third-party defendant, citing legislative memorandum, argues that the primary purpose of General *770 Obligations Law § 11-100, "is to attach civil liability to anyone who knowingly furnishes alcoholic beverages to any intoxicated person under the age of 19 years (now 21 years, as amended December 21, 1985), while also recognizing the increased incidence of automobile accidents resulting from drunk driving” (emphasis added). (See, 1983 NY Legis Ann, at 281.) Consequently, it is urged by the moving party that since the legislative intent was to remove drunk drivers from our State’s roadways, it can reasonably be inferred that the Legislature only intend to authorize claims by those who are injured by intoxicated drivers and, therefore, the statute is inapplicable to situations where the intoxicated party is not a driver.
However, it should be emphasized that the statute’s goal is to provide a cause of action against anyone who knowingly furnishes alcohol to underage persons, if the intoxication results in injury or damage to a third person, since a "literal interpretation of the statute * * * furthers the intent of the Legislature * * * to control and regulate the dispensing of alcoholic beverages to minors.” (See, Schrader v Carney, 180 AD2d 200, 207.) Likewise, as stated in Schrader v Carney (supra, at 208), General Obligations Law § 11-100 should be interpreted consistently with the construction of General Obligations Law § 11-101 (citing Sheehy v Big Flats Community Day, supra).
Judicial tribunals have rejected "Dram Shop Act” contribution claims under General Obligations Law § 11-101, asserted against taverns by an owner/operator of a motor vehicle who is sued by an intoxicated plaintiff pedestrian, injured by the driver of such vehicle. (See, Fowler v Taffe, 152 Misc 2d 343; Woodbeck v Caputo & Assocs., 131 Misc 2d 321.) Despite finding, however, that being "cast in damages” was conceivably within the meaning of "injury” for "Dram Shop Act” purposes, and that the statute doesn’t expressly foreclose contribution, nevertheless, the court, in Woodbeck (supra, at 326), held that comparative negligence adequately protected a defendant’s interests, and refused to extend contribution to include the third party, on the theory that the driver is not accountable to the extent that the resultant injuries arose from the plaintiff’s own voluntary intoxication.
Upon a review of existing case precedent, it is difficult to distinguish the validity of contribution claims against taverns, commenced by intoxicated persons who harmed innocent third parties, as opposed to those instances where sober drivers seek *771 contribution for injuries they caused intoxicated plaintiffs. (See, Johnson v Plotkin, 172 AD2d 88; Cresswell v Warden, 164 AD2d 855; J.S.M. Contr. v Old Rte. 6 Pub, 129 Misc 2d 604.) In Johnson (supra, at 90), it was determined that a municipality was "subject to liability for damages for the same injuries,” and thus, entitled to seek contribution from the dispensing taverns. (Citing CPLR 1401; Herrick v Second Outhouse, 100 AD2d 952, affd 64 NY2d 692.)
Unquestionably, our courts have ruled that "dram shop defendants and other alleged tort-feasors responsible for the same personal injuries or wrongful death may claim contribution among themselves as to compensatory damages awarded to the injured party.” (Fox v Mercer, 109 AD2d 59, 64 [4th Dept].) Here, the third-party defendant stresses that the significant distinction in those cases where contribution claims under the "Dram Shop Act” have been allowed, is that the plaintiffs were not intoxicated, but rather, innocent parties, unlike the scenario presented under the current facts.
In an effort to reconcile the varied judicial results, those cases allowing "contribution among dram shop violators and other tort-feasors are premised on the theory that, despite the different bases of liability” each defendant is "subject to liability for damages for the same injury.” (Fox v Mercer, supra, at 64, citing Smith v Guli, 106 AD2d 120, 123.) It is apparent in the case at bar, that both the driver and the homeowner, third-party defendant, may have jointly caused plaintiff’s injuries, thereby requiring an apportionment of their respective fault. This is similar to the myriad of other cases "where contribution among those responsible for injury may be imposed on the basis of different theories of liability.” (Weinheimer v Hoffman, 97 AD2d 314, 318.) While General Obligations Law § 11-100 did not create a cause of action in favor of the intoxicated recipient of the beverage (see, Stambach v Pierce, 162 AD2d 1054), regardless, the statute does allow for finding an independent obligation owed by the third-party defendant, to prevent foreseeable harm to the defendants, including their potential liability to the plaintiff. (See, Sommer v Federal Signal Corp., 79 NY2d 540, 559.) "The critical requirement for apportionment under * * * CPLR article 14, is that the breach of duty by the contributing party must have had a part in causing or augmenting the injury for which contribution is sought.” (Nassau Roofing & Sheet Metal Co. v Facilities Dev. Corp., 71 NY2d 599, 603.) Accordingly, it is concluded that Lasch’s possible wrongdoing does set forth a *772 viable basis for contribution as proffered by the defendants, in that he arguably played a role in causing the accident.
Therefore, the third-party defendant’s motion to dismiss the first cause of action, under General Obligations Law § 11-100, is denied.