First Department, January, 2004

(January 6, 2004)

■ Michael Butler, Respondent, v New York City Transit Authority, Defendant, and Sports Bar, Formerly Known as Stan's Sports Bar, Inc., et al., Appellants. [770 NYS2d 317]—

Order, Supreme Court, Bronx County (Jerry Crispino, J.), entered January 14, 2003, which denied defendants-appellants' motion to dismiss the fourth, fifth and sixth causes of action of the verified complaint pursuant to CPLR 3211 (a) (7) for failure to state a cause of action, unanimously reversed, on the law, without costs, the motion granted and the matter remanded for further proceedings.

Plaintiff alleges in the complaint that on November 1, 2001, he became intoxicated as a patron of defendant Sports Bar, by drinking alcohol served by defendant's employees, and that after leaving the bar he was struck by a subway train, resulting in injuries. He asserts claims against the tavern and its owners under the Dram Shop Act set forth in General Obligations Law § 11-101, as well as by operation of section 65 of the Alcoholic Beverage Control Law, and for negligence. However, plaintiff has no remedy under the facts as alleged.

New York courts have not imposed a common-law duty to protect a person whose injuries are results of his or her own voluntary intoxication, and have refused to recognize a common-

law cause of action against providers of alcoholic beverages for injuries to such persons (*Sheehy v Big Flats Community Day*, 73 NY2d 629, 636 [1989]; *Livelli v Teakettle Steak House*, 212 AD2d 513 [1995]). The cause of action under the Dram Shop Act, a statutory vehicle for relief distinct from the common law, is limited to a third party injured or killed by an intoxicated person and does not authorize recovery for injuries sustained by the person whose own voluntary intoxication resulted from the sale (*Sheehy* at 635; cf. *Rutledge v Rockwells of Bedford*, 200 AD2d 36, 41 [1994]). Moreover we have long recognized that section 65 of the Alcoholic Beverage Control Law does not create an independent statutory cause of action (*Moyer v Lo Jim Café*, 19 AD2d 523 [1963], *affd* 14 NY2d 792 [1964]). Concur—Buckley, P.J., Tom, Ellerin and Williams, JJ.