[887 NYS2d 106]

Kathleen Ann O'Gara, Plaintiff, v Gladys Alacci et al., Defendants/Third-Party Plaintiffs-Appellants. Katonah Bar & Grill et al., Third-Party Defendants-Respondents.

Second Department, September 22, 2009

## APPEARANCES OF COUNSEL

*Nesci-Keane, PLLC,* Hawthorne (*Jason M. Bernheimer* of counsel), for defendants/third-party plaintiffs-appellants.

*Wilson, Elser, Moskowitz, Edelman & Dicker, LLP,* New York City (*Robyn Gellert* and *Jamie C. Kulovitz* of counsel), for third-party defendants-respondents.

## OPINION OF THE COURT

COVELLO, J.

In this action to recover damages for personal injuries, the primary question presented is whether the owner and operator of a car that struck an intoxicated and allegedly careless pedestrian may seek contribution from the party that sold alcohol to the pedestrian, based on that party's alleged violation of the Dram Shop Act (*see* General Obligations Law § 11-101). We answer that question in the affirmative.

Early on the morning of October 29, 2006, the defendant/ third-party plaintiff Matthew D. Alacci was driving a car owned by the defendant/third-party plaintiff Gladys Alacci (hereinafter together the appellants) on a parkway in Westchester County. Shortly before 5:00 A.M., the car struck the plaintiff, who, for some unknown reason, was attempting to walk across the parkway. Indeed, when interviewed about the accident, the plaintiff was unable to recall how she came to be on the parkway. She was, however, able to recall that before the accident, she took the drug Percocet, and consumed copious amounts of alcohol at a bar owned and/or operated by the third-party defendants.

Alleging that the car was negligently operated, the plaintiff commenced the instant action against the appellants to recover damages for certain injuries she allegedly sustained as a result of the accident. In their answer, the appellants, alleging that the accident was caused in whole or in part by the plaintiff's culpable conduct, raised the affirmative defense of comparative fault.

After interposing their answer, the appellants commenced a third-party action against the third-party defendants seeking, among other things, contribution. In support of that claim, the appellants alleged that the accident was caused in part by the

third-party defendants' employees' "active . . . negligence" in serving alcohol to the plaintiff "in such quantities and over a long period of time" that the employees either knew or should have known she was intoxicated.

Affording the third-party complaint a liberal construction, as we must in light of the procedural posture of this case (*see* CPLR 3211 [a] [7]; *Leon v Martinez*, 84 NY2d 83, 87 [1994]), it is clear the appellants were seeking contribution from the third-party defendants based on an alleged violation of the Dram Shop Act. In this regard, the Alcoholic Beverage Control Law makes it illegal for sellers of alcohol such as the third-party defendants to sell alcohol to a visibly intoxicated person (*see* Alcoholic Beverage Control Law § 65 [2]), and the Dram Shop Act provides "[a]ny person" who has been "injured in person, property, means of support, or otherwise by any intoxicated person, or by reason of the intoxication of any person," with a cause of action to recover "actual . . . damages" from "any person" who "caused or contributed to such intoxication" by "unlawful[ly] selling" alcohol to the intoxicated person (General Obligations Law § 11-101 [1]).

The third-party defendants moved pursuant to CPLR 3211 (a) (7) to dismiss the third-party complaint, contending that it failed to state a cause of action for which relief could be granted. In support of their motion, the third-party defendants argued, among other things, that the appellants could not seek contribution pursuant to a "negligent intoxication" theory because the common law does not recognize a cause of action in favor of a party injured by reason of the intoxication of a person against the seller of the alcohol. However, in opposition, the appellants pointed out that they were not seeking contribution pursuant to such a theory, but rather, were seeking contribution based on an alleged Dram Shop Act violation. In reply, the third-party defendants maintained that the appellants were "not permitted" to do so.

In the order appealed from, the Supreme Court, among other things, granted the third-party defendants' motion to dismiss the third-party complaint. In support of its determination, the Supreme Court cited certain other Supreme Court decisions holding that where an intoxicated person is injured by a tortfeasor, and commences a personal injury action against the tortfeasor, the tortfeasor does not "have" a cause of action for contribution against the seller of the alcohol based on a violation of the Dram Shop Act. However, when accepting the facts as al-

leged in the third-party complaint as true, according the appellants the benefit of every favorable inference, and determining only whether the facts as alleged fit within any cognizable legal theory (*see Leon v Martinez*, 84 NY2d at 87-88), we conclude that the third-party complaint sets forth a cognizable cause of action for contribution based on an alleged violation of the Dram Shop Act.

The rules governing contribution, as set forth in *Dole v Dow Chem. Co.* (30 NY2d 143, 147-153 [1972]) and codified in CPLR article 14, enable a joint tortfeasor who has paid more than his or her equitable share of damages to a plaintiff to recover the excess from the other tortfeasor (*see* CPLR 1401, 1402; *Sommer v Federal Signal Corp.*, 79 NY2d 540, 555-556 [1992]). Ordinarily, the other tortfeasor's liability for contribution flows from a breach of a duty owed to the plaintiff (*see Sommer v Federal Signal Corp.*, 79 NY2d at 559; *Nassau Roofing & Sheet Metal Co. v Facilities Dev. Corp.*, 71 NY2d 599, 603 [1988]; *Guzman v Haven Plaza Hous. Dev. Fund Co.*, 69 NY2d 559, 568 n 5 [1987]; *Garrett v Holiday Inns*, 58 NY2d 253, 258 [1983]). This rule is consistent with the language of CPLR 1401, providing, in relevant part, that absent certain exceptions not applicable here, "two or more persons who are subject to liability for damages for the same personal injury . . . may claim contribution among them."

Here, in the third-party complaint, the appellants, in effect, alleged that the plaintiff's alleged injuries were caused in part by the third-party defendants' violation of the Dram Shop Act. However, assuming the truth of the appellants' allegation (*see Leon v Martinez*, 84 NY2d at 87-88), the third-party defendants could not be considered to have violated a duty owed to the plaintiff. This is because a seller of alcohol owes no duty to the consumer to protect the consumer from the results of his or her voluntary intoxication (*see Sheehy v Big Flats Community Day*, 73 NY2d 629, 636 [1989]; *Butler v New York City Tr. Auth.*, 3 AD3d 301, 301-302 [2004]; *Vandenburg v Brosnan*, 129 AD2d 793, 794 [1987], *affd* 70 NY2d 940 [1988]; *Bizzell v N. E. F. S. Rest., Inc.*, 27 AD2d 554 [1966]). Furthermore, the Dram Shop Act does not give the consumer a cause of action against the seller to recover damages for injuries the consumer suffered as a result of a Dram Shop Act violation (*see Mitchell v The Shoals, Inc.*, 19 NY2d 338, 340-341 [1967]; *Coughlin v Barker Ave. Assoc.*, 202 AD2d 622, 623 [1994]; *Marsico v Southland Corp.*, 148 AD2d 503, 505 [1989]; *Matalavage v Sadler*, 77 AD2d 39,

43 [1980]; *Moyer v Lo Jim Cafe*, 19 AD2d 523, 523-524 [1963], *affd* 14 NY2d 792 [1964]; *Scatorchia v Caputo*, 263 App Div 304, 305 [1942]). Hence, because the appellants have not alleged that the third-party defendants breached a duty owed to the plaintiff, it might appear that the appellants cannot seek contribution from the third-party defendants.

However, the rule that a party's liability for contribution flows from a breach of a duty owed to the plaintiff is a "general" one to which there exists an "important exception" (*Sutherland v Hallen Constr. Co.*, 183 AD2d 887, 890 [1992]). Indeed, it has been recognized that a party's liability for contribution can also flow from a breach of an independent duty owed to the defendant, provided that the breach of this duty played a part in causing or augmenting the injury for which the defendant seeks contribution (*see Raquet v Braun*, 90 NY2d 177, 182-185 [1997]; *Sommer v Federal Signal Corp.*, 79 NY2d at 559; *Nassau Roofing & Sheet Metal Co. v Facilities Dev. Corp.*, 71 NY2d at 603; *Guzman v Haven Plaza Hous. Dev. Fund Co.*, 69 NY2d at 568 n 5; *Garrett v Holiday Inns*, 58 NY2d at 261; *Nolechek v Gesuale*, 46 NY2d 332, 337-341 [1978]).

Assuming the third-party defendants' employees violated the Dram Shop Act by selling alcohol to the plaintiff despite her being visibly intoxicated (*see Leon v Martinez*, 84 NY2d at 87-88), the third-party defendants would have breached a duty owed to the appellants, who are members of the public. The Dram Shop Act, intended to, among other things, protect the community from the dangers intoxicated people pose (*see Matalavage v Sadler*, 77 AD2d at 43; *Manfredonia v American Airlines*, 68 AD2d 131, 135, 137 [1979]; *cf. Rust v Reyer*, 91 NY2d 355, 360-361 [1998]), imposes a duty upon sellers of alcohol to protect the public from such dangers (*see Berkeley v Park*, 47 Misc 2d 381, 384 [1965]; *cf. Strassner v Saleem*, 156 Misc 2d 768, 771 [1993]). Courts have implicitly recognized that a breach of that duty can support a claim for contribution by indicating that an intoxicated person who might be answerable in damages for injuring a member of the public can seek contribution from the seller of the alcohol based upon an alleged violation of the Dram Shop Act because the intoxicated person and the seller are "subject to liability for damages for the same personal injury" (CPLR 1401; *see Smith v Guli*, 106 AD2d 120, 122 [1985]; *Herrick v Second Cuthouse*, 100 AD2d 952 [1984], *affd* 64 NY2d 692 [1984]; *J.S.M. Contr. v Old Route 6 Pub*, 129 Misc 2d 604, 605-606 [1985]; *see also Johnson v Plotkin*, 172 AD2d 88, 90 [1991]).

Furthermore, if the third-party defendants violated the Dram Shop Act and, thus, breached a duty owed to the appellants, it cannot be said as a matter of law that this breach of duty had no part in causing or augmenting the alleged injuries of the plaintiff (cf. *Nolechek v Gesuale*, 46 NY2d at 336). As discussed above, the record reflects that during the early morning hours, the plaintiff left the third-party defendants' establishment in an alcohol-induced stupor and attempted to cross a parkway on foot. Under these particular circumstances, where the actions of the plaintiff might be attributable to her intoxication or carelessness, or both, a trier of fact could potentially, and rationally, find that the accident occurred as a result of three different breaches of duty: (1) the third-party defendants' breach of their duty under the Dram Shop Act; (2) the plaintiff's breach of her duty to exercise reasonable care for her own safety (*see Arrigo v Conway*, 36 AD2d 215, 216 [1971]); and (3) the defendant/third-party plaintiff driver's breach of his duty to exercise due care to avoid colliding with the plaintiff (*see* Vehicle and Traffic Law § 1146; *Deitz v Huibregtse*, 25 AD3d 645, 646 [2006]). Since the courts in the cases relied upon by the Supreme Court and the third-party defendants failed to recognize this possibility (*see Fowler v Taffe*, 152 Misc 2d 343, 344 [1990]; *Woodbeck v Caputo & Assoc.*, 131 Misc 2d 321, 322-326 [1986]), we find those cases to be unpersuasive.

We hold, as other courts have, that where, as is allegedly the case here, an intoxicated plaintiff is injured by a tortfeasor, and the circumstances support a finding that the accident was caused, in part, by the provision of alcohol to the plaintiff in violation of General Obligations Law § 11-100 or § 11-101, the tortfeasor may properly seek contribution from the provider of the alcohol based upon this violation (*see O'Neill v Ithaca Coll.*, 56 AD3d 869, 870 [2008]; *Tratt v Washington Bldg. Mgt. Co.*, 15 Misc 3d 1136[A], 20007 NY Slip Op 51006 [U] [2007]; *Strassner v Saleem*, 156 Misc 2d at 769-772; cf. *Oursler v Brennan*, 67 AD3d 36 [4th Dept 2009]). We observe that permitting contribution in such cases could result in the provider being held answerable in damages to the alleged tortfeasor—as opposed to the intoxicated person—by virtue of the provider's "wrongdoing" in providing alcohol in violation of General Obligations Law § 11-100 or § 11-101 (*Adamy v Ziriakus*, 92 NY2d 396, 404 [1998]). Certainly, this promotes one of the important goals of the Dram Shop Act, namely, motivating sellers of alcohol to exercise greater care in their sales (*see Rut-*

*ledge v Rockwells of Bedford*, 200 AD2d 36, 38 [1994]; *Bartlett v Grande*, 103 AD2d 671, 672 [1984]; *Matalavage v Sadler*, 77 AD2d at 43).

The appellants' remaining contentions are without merit or academic in light of our determination.

Accordingly, the order is modified, on the law, (1) by deleting the provision thereof granting that branch of the motion of the third-party defendants which was pursuant to CPLR 3211 (a) (7) to dismiss so much of the third-party complaint as is, in effect, based on an allegation that the third-party defendants violated General Obligations Law § 11-101, and substituting therefor a provision denying that branch of the motion, and (2) by deleting the provision thereof denying that branch of the cross motion of the defendants/third-party plaintiffs which was for leave to amend the third-party complaint to allege a violation of General Obligations Law § 11-101, and substituting therefor a provision denying that branch of the cross motion as academic; as so modified, the order is affirmed.

RIVERA, J.P., ANGIOLILLO and LEVENTHAL, JJ., concur.

Ordered that the order is modified, on the law, (1) by deleting the provision thereof granting that branch of the motion of the third-party defendants which was pursuant to CPLR 3211 (a) (7) to dismiss so much of the third-party complaint as is, in effect, based on an allegation that the third-party defendants violated General Obligations Law § 11-101, and substituting therefor a provision denying that branch of the motion, and (2) by deleting the provision thereof denying that branch of the cross motion of the defendants/third-party plaintiffs which was for leave to amend the third-party complaint to allege a violation of General Obligations Law § 11-101, and substituting therefor a provision denying that branch of the cross motion as academic; as so modified, the order is affirmed, with costs to the defendants/third-party plaintiffs.