JANINE J. BARTLETT, Individually and as Special Guardian of JOHN W. JONES, et al., Infants, Plaintiffs, v LEON M. GRANDE, JR., et al., Doing Business as CASEY'S GRILL, Respondents, and ESTATE OF JANE L. JONES, Appellant.

Fourth Department, November 7, 1984

APPEARANCES OF COUNSEL

*Louis S. Petrone, P. C.* (*Thomas C. Kingsley* of counsel), for appellant.

*Francis P. Valone* (*Michael G. Putter* of counsel), for respondents.

**OPINION OF THE COURT**

DENMAN, J.

Jane L. Jones was fatally injured in a single-car accident at approximately 3:00 A.M. on September 21, 1980 while driving in an intoxicated condition. Her six children commenced the present action against Leon and Betty Grande, doing business as Casey's Grill, under the Dram Shop Act (General Obligations Law, § 11-101), alleging that Jane Jones had been served alcohol by defendants while she was in an intoxicated condition and after legal drinking hours. Plaintiffs named the estate of Jane Jones as codefendant on the theory that she had contributed to her own death by

operating her motor vehicle in a careless, negligent and intoxicated manner. The Grandes cross-claimed against the Jones estate for contribution. Special Term dismissed the complaint against the estate, but declined to dismiss the cross claim for contribution.

The narrow issue for our determination is whether Dram Shop defendants may cross-claim for contribution against the deceased vendee's estate in an action by the vendee's dependents. For reasons which follow, we hold that they may not. The purposes of the Dram Shop Act are twofold: (1) to deter tavern owners and those in their employ from selling alcoholic beverages to intoxicated persons; (2) to provide a remedy to persons injured as a result of the sale of liquor under circumstances prohibited by the statute (*Mead v Stratton,* 87 NY 493, 496-497; *Weinheimer v Hoffman,* 97 AD2d 314, 317; *Matalavage v Sadler,* 77 AD2d 39, 43). In furtherance of the latter, the act provides a remedy to "[a]ny person who shall be injured in person, property, means of support, or otherwise by an intoxicated person, or by reason of the intoxication of any person" (General Obligations Law, § 11-101, subd 1). That language has been construed as affording a means of recovery to persons such as plaintiffs, the children of the vendee, even though neither the vendee, had she survived, nor her estate could recover under the act (see *Mitchell v The Shoals,* 19 NY2d 338; *Mead v Stratton,* 87 NY 493, *supra; Weinheimer v Hoffman,* 97 AD2d 314, *supra; Matalavage v Sadler,* 77 AD2d 39, *supra; Moyer v Lo Jim Cafe,* 19 AD2d 523, affd 14 NY2d 792). Although Dram Shop defendants have been allowed to seek contribution from their vendees in some instances (see, e.g., *Herrick v Second Cuthouse,* 100 AD2d 952; *Weinheimer v Hoffman,* 97 AD2d 314, *supra; Anderson v Comardo,* 107 Misc 2d 821), in those situations the vendee from whom contribution was sought was a stranger to the plaintiff. Here, however, the "victims" are dependents of the decedent vendee suing for the loss of support occasioned by their mother's death. To permit the vendors to seek contribution from the estate of the vendee, when it is the vendee's dependents who are seeking recovery, would diminish the plaintiffs' potential recovery and allow the vendor to reduce liability substantially.

Defendants argue that the public policy in New York of apportioning compensatory damages in accordance with the parties' relative culpability requires us to permit contribution by an intoxicated vendee's estate. We believe, however, that to extend the policy of apportionment to this situation would totally frustrate the equally important, if not supervening, policies underlying the Dram Shop Act, particularly that of compensating the vendee's dependents for loss of support occasioned by her death.

That position is supported by the legislative history of CPLR article 14 providing for contribution among persons jointly liable. In its memorandum in support of the proposed article 14, the Judicial Conference urged that it be applied to cases involving both statutory liability, such as those under the Dram Shop Act, and common-law liability, "unless it is clear that the legislative policy which led to the passage of the statute would be frustrated by the granting of contribution in favor of the person who violated the statute" (Twentieth Ann Report of NY Judicial Conference, 1975, p 216).

Inasmuch as we are confronted with a situation in which the legislative policy would clearly be thwarted and the potential recovery of the vendee's dependents substantially diminished were we to apply principles of contribution, we decline to do so.

Accordingly, the order insofar as appealed from should be reversed and the cross claim against the estate for contribution should be dismissed.

CALLAHAN, J. P., BOOMER, GREEN and SCHNEPP, JJ., concur.

Order insofar as appealed from unanimously reversed, on the law, without costs, defendant estate's motion to dismiss cross claim granted.

[The following page is 675.]