■ ROBERT D. ZONA, as Administrator of the Estate of MARGARET P. ZONA, Deceased, and as Legal Guardian of AMY ZONA, an Infant, Plaintiff, v OATKA RESTAURANT AND LOUNGE, INC., Defendant and Third-Party Plaintiff-Respondent. ROBERT D. ZONA, as Administrator of the Estate of THOMAS P. ZONA, Deceased, Third-Party Defendant-Appellant.—Order reversed, on the law, without costs, and motion granted. Memorandum: The sole issue presented is whether the policy considerations which prohibited a claim for contribution in *Bartlett v Grande* (103 AD2d 671) bar the similar claim made here. In *Bartlett,* the children of the deceased vendee sued a vendor under the Dram Shop Act (General Obligations Law § 11-101). Plaintiffs named the estate of their deceased mother as a codefendant on the theory that she had contributed to her own death by operating her motor vehicle in a negligent manner. The vendor cross-claimed against the mother's estate for contribution. This court granted the estate's motion to dismiss the cross claim, holding that "[t]o permit the vendors to seek

contribution from the estate of the vendee, when it is the vendee's dependents who are seeking recovery, would diminish the plaintiff['s] potential recovery and allow the vendor to reduce liability substantially." *(Bartlett v Grande, supra,* p 672.) The Third Department has also adopted this rationale *(see, Weinheimer v Hoffman,* 97 AD2d 314, 318) and our court has recently reaffirmed it *(see, Fox v Mercer,* 109 AD2d 59).

The vendee in this case was Thomas Zona, the husband of the deceased and the father of Amy Zona, the infant in whose behalf the instant action was commenced. The second cause of action in the complaint alleges that Amy was injured in "means of support" within the meaning of the Dram Shop Act. Since Amy's alleged injury flowed from Thomas' intoxication, Amy has stated a cause of action under the Dram Shop Act *(see, Mitchell v The Shoals, Inc.,* 19 NY2d 338, 340-341).

The fact that the decedent was the vendee in *Bartlett (supra),* while here the vendee was the husband of the decedent, does not compel a different result. The decedent's death in each case was the product of the vendee's intoxication. *Bartlett* requires dismissal of contribution claims where such claims will reduce the *potential* recovery of family members. Since both Margaret and Amy Zona were Thomas' distributees, requiring Thomas' estate to pay contribution *may* reduce the net benefits received by Amy, the sole surviving dependent in the family. *Bartlett* mandates that as long as there is a *possibility* that contribution will frustrate the recovery of a vendee's dependent, the vendor's third-party claim must be dismissed. In *Bartlett* this court could have made dismissal of the contribution claim contingent upon proof that the third-party claim would actually reduce the dependents' recovery, but chose not to do so and required dismissal if there was a "potential" for the dependents of the vendee to recover. In view of the potential reduction of Amy's recovery if the vendor's contribution claim is allowed, *Bartlett* required Special Term to dismiss the third-party claim.

The fact that plaintiff may sue Thomas' estate for negligence is beside the point. Upon recovering from Thomas' estate for Thomas' negligence, plaintiff's benefits as distributee may be reduced. It was this potential reduction of plaintiff's inheritance which *Bartlett* sought to avoid. Here both causes of action are expressly authorized by the Dram Shop Act and accrue to the benefit of Thomas' distributees. Allowing the third-party plaintiff vendor to receive contribution under either cause of action would decrease the potential

benefits available to Amy, Thomas' sole surviving dependent, by reducing the benefits passing under Thomas' estate.

Accordingly, the order must be reversed and the third-party contribution claim must be dismissed.

All concur, except Callahan, J. P., and O'Donnell, J., who dissent and vote to affirm, in the following memorandum.

Callahan, J. P., and O'Donnell, J. (dissenting). We find nothing in this record which requires us to deviate from the well-established principles of contribution promulgated since *Dole v Dow Chem. Co.* (30 NY2d 143) and now codified in CPLR article 14. In the factual context of this case, Thomas and Margaret Zona, husband and wife, were patrons at the Oatka Hotel. Thomas consumed liquor therein which caused him to become intoxicated and, allegedly, additional alcoholic beverages were provided him while so intoxicated. On the way home, Thomas lost control of the car, it left the road, struck a tree and caused fatal head injuries to Margaret. Thomas survived the accident but subsequently died of unrelated causes. Their son, Robert, as administrator of Margaret Zona's estate and as legal guardian of his infant sister, Amy Zona, commenced this action against the defendant Oatka Restaurant & Lounge, Inc. The amended complaint alleges two causes of action based on the Dram Shop Act (General Obligations Law § 11-101). The first is for "conscious pain and suffering" endured by Margaret prior to her death. The second cause of action alleges injury to Amy Zona's "means of support" caused by the intoxication of Thomas P. Zona. After issue was joined, Oatka instituted a third-party action over against Thomas (the intoxicated tort-feasor) for contribution. The third-party defendant moved to dismiss the claim over as contrary to public policy under this court's decision in *Bartlett v Grande* (103 AD2d 671). We would affirm Special Term's denial of this motion.

At the outset, it should be noted that Thomas, the intoxicated vendee, survived the accident; one reading the majority view may conclude otherwise. Keep in mind that plaintiffs have not instituted any wrongful death action herein. The sole remedy in negligence for the loss of a deceased spouse's support and services is an action for wrongful death *(Osborn v Kelley,* 61 AD2d 367, 370), pursuant to EPTL 5-4.1. The majority gratuitously conclude that "Amy has stated a cause of action under the Dram Shop Act". That issue was not before Special Term and may very well be the topic for consideration at another time.

In a Dram Shop action, the vendor of alcohol and the intoxicated tort-feasor are subject to liability for damages for the same injury and may claim contribution among themselves as to compensatory damages awarded to the injured party (CPLR 1401; *Smith v Guli,* 106 AD2d 120, 122). In the *Bartlett* case we were confronted with a factual situation where the legislative policy of the Dram Shop Act would have been clearly thwarted and the potential recovery of the deceased vendee's dependents substantially diminished were we to have applied the principles of contribution *(Bartlett v Grande, supra,* p 673). Application of the public policy considerations expressed in *Bartlett* is not present in this record. In our view, contribution would not frustrate the legislative intent behind the statute imposing strict or absolute liability for disfavored conduct. As a matter of fact, as we view this record, the infant and her mother's estate may very well sustain a greater loss under the majority view and in the posture of these pleadings.

Furthermore, on this record, we would limit the right of contribution "in light of the universality of insurance and current doctrine favoring apportionment of damages among joint tort-feasors." *(Kelly v Diesel Constr. Div.,* 35 NY2d 1, 4.) Therefore, in view of the strong policy supporting apportionment of compensatory damages in accordance with relative culpability, Special Term's decision to deny third-party defendant's motion to dismiss the cross claim should be affirmed. (Appeal from order of Supreme Court, Monroe County, Tillman, J.—dismiss third-party complaint.) Present—Callahan, J. P., Doerr, Green, O'Donnell and Pine, JJ.