**Virginia E. EDENS, et al., Plaintiffs,**

v.

**Harry W. MUSOLINO, et al.,
Defendants.**

**Civ. A. No. 88–2529.**

United States District Court,
District of Columbia.

Feb. 13, 1990.

Keith W. Watters, Washington, D.C., for plaintiffs.

Paul H. Ethridge, McCarthy, Wilson & Ethridge, Rockville, Md., for defendant Heritage.

C. Torrence Armstrong, McGuire, Woods, Battle & Boothe, Alexandria, Va., for defendant Musolino.

## ORDER

REVERCOMB, District Judge.

On September 16, 1985, the Defendant, Harry W. Musolino, and Plaintiff, Virginia E. Edens, were involved in an automobile accident. Defendant Musolino was operating a 1985 Chrysler LaBaron owned by the Defendant Heritage Chrysler Plymouth Sales, Inc. Defendant Heritage contends that Defendant Musolino was operating the vehicle without its permission and accordingly it has no liability in this matter.

This matter is before the Court pursuant to the motion of Defendant Heritage for summary judgment.

Under the Motor Vehicle Safety Responsibility Act, D.C.Code §§ 40–401 et seq. (1981), a driver of a motor vehicle is presumed to have the consent of the owner. D.C.Code § 40–408. This presumption may be rebutted by a showing by the defendant of uncontradicted proof that the vehicle operator was not, in fact, operating the vehicle with the owner's consent or permission. *Miller v. Imperial Ins., Inc.,* 189 A.2d 359 (D.C.1963). When there has been such evidence presented, the defendant is

entitled to judgment as a matter of law. *Curtiss v. Cuff,* 537 A.2d 1072 (D.C.1987).

Defendant Heritage relies upon a "rental agreement" which it entered into with James Himsel. Under the terms of this agreement Himsel was the only authorized driver of the vehicle and operation by a party other than the authorized driver constituted a breach of the rental agreement. Accordingly, Defendant Heritage argues that it has presented uncontradicted proof that it did not grant permission of Defendant Musolino to use the car.

However, there is a dispute as to whether such an agreement was in effect at the time of the accident. There are three dates on the document but the only that is legible[1] provides "ENTERED Sep 24 1985" which does not coincide with the date of the accident at issue. Moreover, this Court can infer no meaning as to this date from the document. Although Defendant Heritage in its Answers to Interrogatories provides that "Mr. Himsel obtained the vehicle on September 4, 1985 under Rental Agreement C820239," the contract number at the top of the agreement has clearly been altered and is inconsistent with the contract number at the bottom of the document.

Furthermore, there is a dispute as to whether the terms and conditions of the rental agreement were intended to apply to Himsel where the rental agreement contained several omissions in information. For example, the "in" and "out" mileage figures were omitted, the lessor's "check out" and "check in" signatures/initials were omitted, and the lessor's vehicle identification/license number was omitted. Moreover, under the "rental" agreement the car was provided to Himsel for no consideration.

Accordingly, in this motion for summary judgment the Defendant Heritage cannot rely upon this document as uncontroverted evidence that it did not provide the Defendant Musolino with permission to operate the vehicle.

It hereby is

ORDERED that Defendant Heritage's Motion for Summary Judgment be, and the same hereby is, DENIED.

---

1. Indeed, the document as a whole, including its terms and conditions, is largely illegible and blurred.