■ ELISA VASQUEZ et al., Respondents, v CHRISTIAN HERALD ASSOCIATION, INC., Appellant, and RENT-A-WRECK, INC., Respondent.—Order, Supreme Court, Bronx County (Bertram Katz, J.), entered on or about May 26, 1992, *inter alia,* granting plaintiffs' motion for summary judgment on the issue of liability against defendant-appellant, unanimously affirmed, with costs.

Plaintiff Elisa Vasquez, a New York resident, and plaintiff Anthony Reed, an Ohio resident, commenced this personal injury action against defendant Christian Herald Association, Inc. (CHA), a New York corporation, whose employee Hampton had leased a van from codefendant Rent-A-Wreck, a Pennsylvania corporation. The accident occurred on camp grounds owned by CHA in Pennsylvania when the vehicle driven by one Arawa in which they were passengers, crashed into several trees. Plaintiffs established a *prima facie* case of negligence through the sworn affidavits of three other passengers in the van, and that of the investigating State Trooper on the scene, all of whom attributed the cause of the accident to excessive speed on a wet road. In opposition, defendant CHA did not excuse its failure to come forward with proof in admissible form when it relied on the hearsay statements of other passengers suggesting that the cause of the accident may have been a tire blow out. Thus, summary judgment was properly granted *(see, Friends of Animals v Associated Fur Mfrs.,* 46 NY2d 1065, 1068; *Landisi v Beacon Community Dev. Agency,* 180 AD2d 1000).

Secondly, the IAS Court correctly determined that New York's Vehicle and Traffic Law § 388 (1) applied to the case at bar. New York has a strong interest to be served by applying its vicarious liability statute to insure that motorists will be financially able to respond in damages for their negligent acts so that innocent victims of motor vehicle accidents may be recompensed for injuries and financial losses sustained *(see, Tooker v Lopez,* 24 NY2d 569, 576). Moreover, a conflict of law analysis favors the application of New York law due to the common domicile of plaintiff Vasquez and defendant CHA, and the State's interest in enforcing the decisions of parties to accept the benefits and the burdens of identifying with this jurisdiction and to submit themselves to its authority. *(See, Schultz v Boy Scouts,* 65 NY2d 189, 198.) Defendant CHA erroneously relies upon the recent Court of Appeals decision in *Fried v Seippel* (80 NY2d 32, 40), where Judge Titone, writing for a unanimous bench, stated "the vicarious liability imposed by section 388 (1) does not extend to owners of vehicles that have never been registered, used, operated or intended for use within this State." We take judicial notice of plaintiffs' opposition papers to defendant's motion for a stay pending trial made before this Court containing a sworn affidavit from a camp counselor who averred that he had operated the subject van to and from New York with CHA's permission *(see, Casson v Casson,* 107 AD2d 342, 344, *appeal dismissed* 65 NY2d 637).

Thirdly, the IAS Court correctly estopped CHA from maintaining that the individual who leased the subject van from codefendant Rent-A-Wreck was neither its employee nor an authorized agent. This position was diametrically opposite to that taken in earlier litigation (see, Kimco of N. Y. v Devon, 163 AD2d 573; Webb v Consolidated Rail Corp., 166 AD2d 285).

We have considered defendant CHA's remaining claims and find them to be without merit. Concur—Carro, J. P., Milonas, Ellerin and Asch, JJ.