■ MARION S. COUGHLIN, Individually and as Mother and Natural Guardian of PAUL F. COUGHLIN, an Infant, et al., Respondents, v BARKER AVENUE ASSOCIATES, Defendant and Third-Party Plaintiff-Appellant, and MESON CASTELLANO, INC., Appellant. MARION S. COUGHLIN, as Administratrix of the Estate of JOHN S. COUGHLIN, Deceased, Third-Party Defendant-Respondent. (And Another Title.) [609 NYS2d 646] —In a Dram Shop Act action, the defendants appeal from an order of

the Supreme Court, Westchester County (Coppola, J.), entered December 21, 1991, which granted the plaintiffs' motion to dismiss the third-party action of Barker Avenue Associates and the cross claim of Meson Castellano, Inc., against them.

Ordered that the order is affirmed, with one bill of costs.

In this Dram Shop Act action, it is alleged that the defendants Barker Avenue Associates and Meson Castellano, Inc., unlawfully sold alcohol to John A. Coughlin, thereby causing his intoxication and subsequent death a short time thereafter. Coughlin's widow and surviving children, in their individual capacities, commenced the instant action seeking damages, *inter alia,* for loss of support. Barker Avenue Associates thereafter brought a third-party action against Coughlin's widow, in her capacity as the administratrix of Coughlin's estate, seeking contribution from the estate. Meson Castellano, Inc., cross-claimed for similar relief. The Supreme Court granted the widow's motion to dismiss the third-party complaint and cross claim, finding that there was no right to contribution in this case.

General Obligations Law § 11-101 (1) (commonly known as the Dram Shop Act) grants to any third person "injured in person, property, means of support, or otherwise" by an intoxicated person a right of action against one who unlawfully sold or procured alcohol for the intoxicated person. One of the salutory purposes for the statute is *"to protect the [spouse] and children of an intoxicated person when they were deprived of their means of support as a result of his intoxication"* (*Matalavage v Sadler,* 77 AD2d 39, 43; *see, Senn v Scudieri,* 165 AD2d 346, 348; *Bartlett v Grande,* 103 AD2d 671, 672). Thus, while neither an individual nor his or her estate may maintain a Dram Shop action for his own injury or death resulting from his or her intoxication *(see, Marsico v Southland Corp.,* 148 AD2d 503, 504), the spouse, child, or parent of an intoxicated person may sue individually as parties injured by the death of the intoxicated person *(see, Dynarski v U-Crest Fire Dist.,* 112 Misc 2d 344).

Under the particular facts of this case, to allow the defendant tavern owners to seek contribution from the estate of the intoxicated person would undermine the very purpose of the Dram Shop Act. The decedent and the intoxicated person are one and the same, and the only "victims" are the decedent's spouse and children, who are suing for the loss of support occasioned by the decedent's death due to intoxication. Allowing contribution against the decedent's estate would not only

diminish their potential recovery, but would also allow the tavern owners to reduce their liability for their own misconduct. The tavern owners would be unfairly shifting the burden of the loss onto the spouse and children. The existence of a homeowners' insurance policy does not mitigate the unfairness. Accordingly, we find, as has the Appellate Division, Fourth Department, that a vendor who violates the Dram Shop Act is not entitled to contribution from "the deceased vendee's estate in an action by the vendee's dependents" *(Bartlett v Grande, supra,* at 672).

The case of *Zona v Oatka Rest. & Lounge* (68 NY2d 824), relied upon by the defendants, is inapplicable to the facts of the instant case. Rosenblatt, J. P., Ritter, Pizzuto and Altman, JJ., concur.