**Eleanor Louis QUALLS, Plaintiff,**

v.

**BUDGET RENT–A–CAR NYRAC, INC., Dianne Griffin and Jochel C. Johns, Defendants.**

**No. 92 Civ. 5987 (CLB).**

United States District Court, S.D. New York.

May 5, 1994.

Mark V.L. Gray, Greensboro, NC, Smiley, Schwartz & Captain, New York City, for plaintiff.

Eschen & Eschen, Jericho, NY, Reardon & Scalfani, Yonkers, NY, for defendants.

*MEMORANDUM AND ORDER*

BRIEANT, District Judge.

Plaintiff, Eleanor Louis Qualls ("Ms. Qualls"), brings this motion for summary judgment pursuant to Fed.R.Civ.P. 56 on the ground that no genuine issue of material fact exists relating to liability. Defendants, Budget Rent–A–Car NYRAC ("NYRAC") and Dianne Griffin, also move for summary judgment on the ground that Delaware law is applicable and does not provide for liability of owners of vehicles absent negligence on their part. All motions are denied.

Plaintiff brought this suit on August 7, 1992 alleging reckless, careless, and negligent ownership, operation, supervision, maintenance, repair and control of a vehicle.

Plaintiff is a resident of the state of North Carolina. Defendant NYRAC, Inc. is a New York Corporation doing business in this state under the trade name "Budget Rent–A–Car." Defendant Dianne Griffin is a resident of Westchester County, New York. Defendant Jochol Johns is a resident of Yonkers, New York. This court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 based upon diversity of citizenship.

On August 21, 1990 Ms. Qualls was a belted rear-seat passenger in a vehicle involved in a car accident. *See* Collision Report Injury Information. The Vehicle was rented in New York on August 18, 1993 by Defendant Dianne Griffin from defendant Budget Rent–A–Car NYRAC Inc. for the purposes of transporting her sister, the plaintiff, home to South Carolina. However, Ms. Griffin was not present in the vehicle at the time of the accident. Mr. Johns, Ms. Griffin's daughter's boyfriend was the driver and Ms. Griffin's daughter, Alisha Griffin was a passenger in the front seat of the car.

On August 21, 1990 at approximately 6:30 a.m. on US Highway 13 approximately one half mile north of State/County Road 18 and approximately one mile South of Bridgeville, in the State of Delaware, the car, driven by Mr. Johns left the road and collided with a storage shed and telephone pole. The cause of the accident was said to be inattentive driving. *See* Collision Report.

The rental agreement between Ms. Griffin and NYRAC provided for insurance for the renter and authorized driver. Defendants do not deny that under New York law, this insurance would cover plaintiff's claim. Indeed, New York has enacted a Motor Vehicle Financial Security Act, creating a comprehensive scheme to assure that victims of automobile accidents having any connection with New York are covered by insurance. New York Vehicle & Traffic Law §§ 310 *et seq.*

■ In New York, statutes such as the Motor Vehicle Financial Security Act are persuasive in determining matters within their general ambit, such as choice of law here. See *Electrolux v. Val–Worth*, 6 N.Y.2d 556, 569, 161 N.E.2d 197, 190 N.Y.S.2d 977 (1959); *Schuster v. City of New York*, 5 N.Y.2d 75, 85–86, 154 N.E.2d 534, 180 N.Y.S.2d 265 (1958); Stone, "The Common Law in the United States," 50 Harv.L.Rev. 4, 12–18 (1936); Note, 58 Columbia L.Rev. 673 (1958); *compare also Zendman v. Harry Winston, Inc.*, 305 N.Y. 180, 189 n. 3, 111 N.E.2d 871 (1953) (Uniform Commercial Code persuasive prior to its enactment).

■ New York is an appropriate forum for this litigation, and, unless this would be contrary to federal law or the Constitution, New York law determines the choice of law. Under New York law, the court, in determining which law to apply to any particular issue of law or aspect of a case, looks to the state with the greatest interest in that issue of law or aspect of a case. See *Cooney v. Osgood Machinery*, 81 N.Y.2d 66, 612 N.E.2d 277, 595 N.Y.S.2d 919 (1993); *Schultz v. BSA*, 65 N.Y.2d 189, 198, 480 N.E.2d 679, 684–85, 491 N.Y.S.2d 90, 95–96 (1985); *Babcock v. Jackson*, 12 N.Y.2d 473, 484, 240 N.Y.S.2d 743, 752, 191 N.E.2d 279, 285 (1963). Thus, more than one state's law may be applicable to an event to the extent that policy interests of that state are affected. *Martin v. Julius Dierck Equipment Co.*, 52 A.D.2d 463, 384 N.Y.S.2d 479, 482 (2d Dept.1976), *aff'd without discussion of this point* 43 N.Y.2d 583, 403 N.Y.S.2d 185, 374 N.E.2d 97 (1978).

New York courts would accede to a sister state's requirements for recompense to victims of negligent driving of vehicles rented in

New York. In addition, New York has its own interest in assuring that those driving vehicles launched from New York into interstate travel are covered by insurance to provide benefits to victims of negligently caused accidents involving such vehicles, cause by driver negligence.

■ New York's interest in assuring a remedy, where the vehicle or the driver originated in New York, is the same no matter how injury occurred. The concept of applying the law which provides a remedy if it is not inconsistent with an affirmative policy of another state is discussed in the fraudulent conveyance context in Day, "Solution for Conflict of Laws Governing Fraudulent Transfers: Apply the Law That Was Enacted to Benefit the Creditors," 48 Business Lawyer 889 (ABA May 1993).[1]

An analogy may also be drawn to New York's Dram Shop Act, designed to deter drunken driving and provide recompense where it causes injuries. According to *Bartlett v. Grande*, 103 A.D.2d 671, 481 N.Y.S.2d 566, 566–67 (4th Dept.1984), the purposes of the Dram Shop Act are:

> (1) to deter tavern owners and those in their employ from selling alcoholic beverages to intoxicated persons; (2) to provide a remedy to persons injured as a result of the sale of liquor under circumstances prohibited by the statute.

See also Note, 31 Duquense L.Rev. 671 (Spring 1993).

■ Not withstanding our conclusion that defendants other than the operator may be liable to this plaintiff for her injuries, plaintiff's motion for summary judgment as to liability must be denied, since there appear to be genuine issues of material fact concerning what caused the accident.

For the foregoing reasons, all motions are denied. All Counsel are directed to appear at Courtroom 31, United States Courthouse, 101 East Post Road, White Plains, New York, on May 31, 1994 9:30 a.m. for jury

selection. Proposed voir dire questions, witness lists, exhibit lists and pre-marked exhibits should be submitted as soon as conveniently possible.

So Ordered.

---

1. Negligent drivers, like fraudulent debtors, do not respect state lines. The importance of providing equality of protection regardless of the location of an accident involving a vehicle originating in New York is buttressed by New York's policy, expressed in NY State Administrative Procedure Act 206 (seeking to minimize interstate differences involving inconsistencies in treatment of matters crossing state lines by aligning state and federal regulations where possible).