■ ROYAL JANSSEN, Respondent, v RYDER TRUCK RENTAL, INC., et al., Appellants. [667 NYS2d 369] —Order, Supreme Court, New York County (Barbara Kapnick, J.), entered October 11, 1996, which denied defendants' motion to apply New Jersey law and granted plaintiff's cross motion to apply New York law, unanimously affirmed, with costs.

Since Vehicle and Traffic Law § 388 is a loss-allocating rule, as to which the jurisdiction of the parties' domiciles has paramount interest (*Schultz v Boy Scouts*, 65 NY2d 189, 197), and since the statute is consistent with the law of all of the parties' domiciles, the court properly concluded that New York law, rather than that of New Jersey, the locus of the accident, should govern. Application of section 388 would thus be consistent with the parties' expectations (*Diehl v Ogorewac*, 836 F Supp 88, 92-94), and since none of the parties is domiciled in New Jersey, that State will neither be benefitted nor burdened

by the outcome of this litigation. Under these circumstances, the fact that the parties are domiciled in different States does not require application of the law of the locus of the accident as a "tie-breaker". We have considered defendants' remaining arguments and find them to be without merit. Concur—Sullivan, J. P., Milonas, Ellerin, Nardelli and Mazzarelli, JJ.