Mahmoud M. ABOUD, Plaintiff,

v.

BUDGET RENT A CAR CORPORATION; Rapid Rentals Inc., d/b/a Budget Rent a Car Corporation, and Ali Mbaraka Juma, Defendants.

No. 97 Civ. 1742 (MGC).

United States District Court, S.D. New York.

Dec. 1, 1998.

Spector & Feldman, New York City, by Steven J. Feldman, for plaintiff.

Melito & Adolfsen P.C., New York City, by Steven I. Lewbel, John H. Somoza, for Defendants Rapid Rentals, Inc. and Budget Rent A Car Corporation.

## *MEMORANDUM OPINION AND ORDER*

CEDARBAUM, District Judge.

This is a diversity action for personal injuries arising out of a one-car accident that occurred on August 13, 1995 on the Garden State Parkway in New Jersey. Plaintiff was a passenger in the automobile involved in the accident, and has chosen not to sue his friend, the driver.[1] The only defendant parties to this action are Rapid Rentals, Inc. ("Rapid"), the owner and lessor of the car, and Budget Rent A Car Corporation ("Budget"), Rapid's ultimate corporate parent.

Plaintiff asserts that defendants are vicariously liable for the driver's allegedly negligent operation of the automobile. Plaintiff contends that New York law governs the issue of defendants' vicarious liability, and defendants contend that New Jersey law applies. I have received submissions from the parties on this choice of law issue. For the reasons that follow, New Jersey law governs.

## *BACKGROUND*

Maturari Mbae, a resident of Kansas, rented the automobile at Washington National Airport, which is in Arlington, Virginia. The automobile was titled and registered in Virginia. Mr. Mbae drove the car to New York, and later used the car to travel with friends to New Jersey. While the car was heading south along New Jersey's Garden State Parkway, it veered off the road and struck a tree. At the time of the accident, Mr. Juma was driving the automobile in contravention of the rental agreement.

Plaintiff, a passenger in the back seat of the vehicle, sustained injuries as a result of the accident. In his deposition testimony, plaintiff said that he had been present in New York since 1994 as a diplomat with a G–1 Visa[2] working at the embassy of the Federal Islamic Republic of the Comoros as a liaison officer between the United Nations and the Comoros. In plaintiff's Amended Complaint, he contends that he was a New York domiciliary at all relevant times. In their Answer, defendants deny knowledge or information sufficient to form a belief as to the locus of plaintiff's domicile. In the Joint Pre–Trial Order, the plaintiff's state of residency is an issue of contention, with plaintiff contending that he resided in New York at all relevant times and defendants neither agreeing nor contending that he resided elsewhere. For purposes of this decision, I assume that plaintiff can prove that he is a New York domiciliary. I have not held an evidentiary hearing on this matter because it is not material; even if plaintiff is a New York domiciliary, New York law should not apply to this action.

---

1. The driver of the car, Ali Mbaraka Juma, was named as a defendant in the caption. But a summons and complaint were never served on Juma. Accordingly, he is not a party to this action.

2. 8 U.S.C. § 1101(a)(15)(G)(i).

Rapid, the owner and lessor of the automobile, is incorporated and has its principal place of business in Washington, D.C. Budget is a Delaware corporation with its principal place of business in Illinois. Budget concededly is present in New York. In an order dated March 23, 1998, I held that plaintiff had made a prima facie showing that Rapid is subject to personal jurisdiction in New York by virtue of Budget's presence in New York. *Aboud v. Rapid Rentals Inc.*, 1998 WL 132790 (S.D.N.Y. March 24, 1998).

■ Plaintiff contends that the driver, Ali Mbaraka Juma, is a resident of New York. However, Mr. Juma is not a party in interest, and there is no indication in the record that defendants could have foreseen that a New York resident such as Mr. Juma would be operating their car. The state in which the driver resides or is domiciled is therefore not relevant to the choice of law analysis.

## DISCUSSION

■ In order to determine the law applicable to the defendants' liability, I must apply the choice of law rules of the forum state, New York. *See Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941).

New York courts no longer apply the simple choice of law rule of lex loci delicti in tort actions. Rather, since the decision of the New York Court of Appeals in *Babcock v. Jackson*, New York courts have taken a flexible approach that weighs underlying policy considerations and gives "controlling effect to the law of the jurisdiction which, because of its relationship or contact with the occurrence or the parties, has the greatest concern with the specific issue raised in the litigation." *Babcock v. Jackson*, 12 N.Y.2d 473, 481, 240 N.Y.S.2d 743, 749, 191 N.E.2d 279 (1963).

The New York Court of Appeals refined the *Babcock* approach in *Neumeier v. Kuehner*, 31 N.Y.2d 121, 335 N.Y.S.2d 64, 286 N.E.2d 454 (1972). The *Neumeier* court considered whether Ontario's automobile guest statute applied to a claim arising from an accident that occurred in Ontario. The action was brought by an Ontario resident against the New York resident who drove the car in which the plaintiff was a passenger. Reviewing *Babcock* and its progeny, Chief Judge Fuld set out three principles to follow in choosing between conflicting laws on the standard of care that a host-driver owes to a guest-passenger. First, when the guest-passenger and host-driver are domiciled in the same state and the car is registered in that state, the law of that state should apply to determine the applicable standard of care. Second, when the driver's conduct occurred in the state of his domicile and that state's law does not make him liable for that conduct, he should not be held liable through application of the law of the victim's domicile. Conversely, when the guest was injured in the state of his domicile and that state's law permits recovery, the driver who has come into the state should not be permitted to interpose the law of his own domicile as a defense. Third, when the passenger and driver are domiciled in different states, the applicable rule of law normally will be that of the state where the accident occurred "but not if it can be shown that displacing that normally applicable rule will advance the relevant substantive law purposes without impairing the smooth working of the multi-state system or producing great uncertainty for litigants." *Neumeier*, 31 N.Y.2d at 128, 335 N.Y.S.2d at 70, 286 N.E.2d 454. In *Neumeier*, the third principle applied. The plaintiff-passenger and defendant-driver were domiciled in different states, and the law of the place of the accident—Ontario—did not favor the Ontario-domiciled plaintiff. Accordingly, the law of Ontario applied. *Neumeier*, 31 N.Y.2d at 128–129, 335 N.Y.S.2d at 70, 286 N.E.2d 454.

*Babcock* and *Neumeier* addressed choice of law only with respect to automobile guest statutes. Subsequent New York decisions, however, make clear that the principles of *Neumeier* apply to all post-accident loss distribution rules, including rules of vicarious liability. *See Janssen v. Ryder Truck Rental, Inc.*, 246 A.D.2d 364, 667 N.Y.S.2d 369, 369–70 (1st Dep't 1998) (vicarious liability of automobile owners under § 388 of the New York Vehicle and Traffic Law); *Heisler v. Toyota Motor Credit Corp.*, 884 F.Supp. 128, 131–32 (S.D.N.Y.1995) (same); *Schultz v.*

*Boy Scouts of America, Inc.,* 65 N.Y.2d 189, 198–199, 491 N.Y.S.2d 90, 96, 480 N.E.2d 679 (1985) (charitable immunity law); *Cooney v. Osgood Machinery, Inc.,* 81 N.Y.2d 66, 76–77, 595 N.Y.S.2d 919, 925, 612 N.E.2d 277 (1993) (product liability contribution claim); *see also Barkanic v. General Admin. of Civil Aviation of the People's Republic of China,* 923 F.2d 957, 963 (2d Cir.1991) ("New York courts would now apply the *Neumeier* rules to all post-accident loss distribution rules"). Accordingly, *Neumeier* must be applied in this case to determine the governing law with respect to defendants' liability as owners of the automobile involved in the accident.

Assuming the validity of plaintiff's contention that he is a New York domiciliary, it appears that plaintiff and defendants are not domiciliaries of the same state. If the applicable rules of the parties' respective domiciles conflict, the third *Neumeier* principle directs application of the law of the state where the accident occurred, unless displacing that rule will advance the relevant substantive law purposes without impairing the smooth working of the multi-state system or producing great uncertainty for litigants. As the New York Court of Appeals has explained, "the situs of the tort is appropriate as a 'tiebreaker'" in cases where the interest of each domiciliary state in the enforcement of its law is roughly equal. *Cooney,* 81 N.Y.2d at 74, 595 N.Y.S.2d at 923, 612 N.E.2d 277.

In this case, at least four jurisdictions have an interest in the liability of the owner of the automobile involved in the accident. Plaintiff is assumed to be a New York domiciliary. Rapid is domiciled in Washington, D.C. The rental transaction took place in, and the car was registered in, Virginia. The vehicle crashed in New Jersey. The first issue is whether a conflict of law exists among these four states.

New York law can render a car rental company vicariously liable for the negligence of the person who, without authorization, drove the rental car. New York Vehicle and Traffic Law section 388 provides that every owner of a vehicle that is "used or operated in this state shall be liable and responsible for death or injuries to person or property resulting from negligence in the use or operation of such vehicle . . . by any person using or operating the same with the permission, express or implied, of such owner." N.Y. Veh. & Traf. Law § 388. Section 388 creates a presumption that a vehicle is being operated with the owner's consent. *Leotta v. Plessinger,* 8 N.Y.2d 449, 461, 209 N.Y.S.2d 304, 312, 171 N.E.2d 454 (1960). Furthermore, a rental company may not evade liability under section 388 by contractually limiting authorization to drive the car to the persons named as permitted users in the rental agreement. *Motor Vehicle Accident Indemnification Corp. v. Continental Nat'l American Group Co.,* 35 N.Y.2d 260, 264–65, 360 N.Y.S.2d 859, 862–63, 319 N.E.2d 182 (1974); *Davis v. Hall,* 233 A.D.2d 906, 907, 649 N.Y.S.2d 546, 547 (4th Dep't 1996).

The New York statute has been interpreted to impose vicarious liability on automobile owners even where the accident occurs outside of New York's borders, *Farber v. Smolack,* 20 N.Y.2d 198, 203–04, 282 N.Y.S.2d 248, 252, 229 N.E.2d 36 (1967), as long as the vehicle has previously been "used or operated" in New York within the literal terms of the statute. *Fried v. Seippel,* 80 N.Y.2d 32, 41, 587 N.Y.S.2d 247, 251, 599 N.E.2d 651 (1992) (holding that a vehicle is not covered by § 388 if the vehicle was never registered, used or operated within New York); *see also Vasquez v. Christian Herald Association Inc.,* 186 A.D.2d 467, 588 N.Y.S.2d 291, 292 (1st Dep't 1992) (applying § 388 where accident occurred in Pennsylvania because the vehicle had been operated in the past within New York). Whether the connection of Rapid's car with New York was strong enough for section 388 to cover defendants is in some doubt. The car seems to have traveled only briefly through New York. It was not registered or rented in New York, and there is no allegation that the car was used on a recurring basis in New York. Therefore, one must question whether, as a substantive matter, the car may be considered to have been "used or operated" in New York as required by section 388. *Cf. Fried v. Seippel,* 80 N.Y.2d 32, 41, 587 N.Y.S.2d 247, 251, 599 N.E.2d 651 (1992) (holding that owner of a Jamaican rental car that had never been

used or intended for use anywhere but on the island of Jamaica was not covered by § 388). Without additional facts on the operation of the car in New York, it is difficult to determine if section 388 covers the defendants. In any event, the New York substantive law will not govern.

The laws of the three other interested states more closely circumscribe an owner's liability in this situation and thus are in conflict with the New York statute. Under District of Columbia law, an automobile owner is liable for another's negligent use of the automobile with the express or implied consent of the owner. D.C.Code § 40–408. As under New York law, a driver is presumed to be operating an automobile with the consent of the owner. *Edens v. Musolino*, 731 F.Supp. 533, 533 (D.D.C.1990). However, under D.C.Code § 40–408, in contrast to the New York statute, a rental company can rebut the presumption of consent by showing that the driver was not authorized by the rental agreement to operate the automobile. *Id.* at 534; *Amicar Rentals, Inc. v. Moore*, 294 A.2d 361, 362 (D.C.App.1972).

Virginia limits vicarious owner liability for negligent use of an automobile to situations in which the plaintiff can prove negligent entrustment, *Hack v. Nester*, 241 Va. 499, 404 S.E.2d 42, 43 (Va.1990), or an agency relationship, *Thomas v. Wingold*, 206 Va. 967, 147 S.E.2d 116, 119 (Va.1966).

Under New Jersey law, the owner of a vehicle is not liable for the operator's negligence unless there is an agency relationship between owner and operator or the owner has negligently rented or loaned the vehicle to a reckless or incompetent driver. *Heisler v. Toyota Motor Credit Corp.*, 884 F.Supp. 128, 129–30 (S.D.N.Y.1995); *Buglioli v. Enterprise Rent–A–Car*, 811 F.Supp. 105, 107 (E.D.N.Y.), *aff'd*, 999 F.2d 536 (2d Cir.1993).

Because the loss-distribution rules of the District of Columbia, Virginia, and New Jersey conflict with the New York rule, I must compare the interests that these states have in applying their law.

New York's interest is in providing a remedy to victims of automobile accidents in which the driver is financially irresponsible,

and the interest is especially strong when the victim is a New Yorker. *Fried v. Seippel*, 80 N.Y.2d 32, 41, 587 N.Y.S.2d 247, 251, 599 N.E.2d 651 (N.Y.1992) (The statute "is part of the legislatively prescribed system for protecting innocent victims of automobile accidents by assuring that there will be a financially responsible party who is available to answer in damages." (citation omitted)). Section 388 requires that owners of vehicles used or operated in New York purchase insurance to cover the liability it creates. *Id.*; N.Y.Veh. & Traf.Law § 388(4). "This linkage of an owner's vicarious liability to an owner's obligation to maintain adequate insurance coverage suggests that the Legislature's goal was to ensure that owners of vehicles that are subject to regulation in New York 'act responsibly' with regard to those vehicles." *Fried*, 80 N.Y.2d at 41, 587 N.Y.S.2d at 251, 599 N.E.2d 651.

By adopting vicarious liability law narrower than section 388, the other jurisdictions have expressed an equally strong interest that a car-owner should not bear the expense, either directly or through higher insurance premiums, of an accident caused with his automobile by an unauthorized driver. These jurisdictions have a substantial interest in shielding car owners from such unforeseeable liability. *Cf. Klippel v. U–Haul Company of Northeastern Michigan*, 759 F.2d 1176, 1182 (4th Cir.1985) (finding that state with statute that conflicts with § 388 has a substantial interest in protecting the owners of vehicles in that state from the unexpected liability imposed by § 388 in accidents that fortuitously involve a New York plaintiff). Moreover, New Jersey, as the situs of the tort, has a substantial interest in applying its law to assure that "the victims of automobile accidents occurring in that state are treated fairly and uniformly and that some of those victims not be granted extraordinary rights and preferences solely because the victim's residence is New York." *Id.*

■ This conflict of laws must be resolved by applying the third *Neumeier* rule. Because the interests of the domiciliary jurisdictions are irreconcilable, and the accident occurred in New Jersey, New Jersey law presumptively applies as a "tie-breaker."

*Heisler*, 884 F.Supp. at 131–32 (applying New Jersey law in suit between New York plaintiff and California defendant because New Jersey was the situs of the accident). An exception should be made only if displacing New Jersey's law would "advance the relevant substantive law purposes without impairing the smooth working of the multi-state system or producing great uncertainty for litigants." *Neumeier*, 31 N.Y.2d at 128, 335 N.Y.S.2d at 70, 286 N.E.2d 454.

Displacement of New Jersey law may advance the relevant substantive law purposes of the New York law by giving a New York domiciliary a right of recovery against the owner of the automobile. Such displacement, however, would impair the smooth working of the multi-state system. Specifically, application of New York law would create the appearance of favoritism toward the local litigant, whereas application of New Jersey law would not. Favoritism encourages forum shopping, which interferes with the smooth operation of the multi-state judicial system. New York case law supports the notion that favoritism should be avoided in choice of law analysis. For example, in *Cooney*, a New York resident sought contribution from a Missouri defendant in connection with a product liability tort that occurred in Missouri. New York law permitted the contribution suit, whereas Missouri law did not. Despite the fact that New York law was in favor of the New York plaintiff, the Court of Appeals applied the law of Missouri (where the underlying tort took place) in part because "locus is a neutral factor, rebutting an inference that the forum State is merely protecting its own domiciliary or favoring its own law." *Cooney v. Osgood Machinery Co.*, 81 N.Y.2d 66, 74, 595 N.Y.S.2d 919, 923–24, 612 N.E.2d 277 (1993); *see also Schultz v. Boy Scouts of America*, 65 N.Y.2d 189, 201, 491 N.Y.S.2d 90, 98, 480 N.E.2d 679 (1985).

Plaintiff cites several cases involving automobile accidents outside of New York in which New York law was applied. In those cases, however, the fact patterns were quite different and the contacts with New York were significantly greater. *See Qualls v. Budget Rent–A–Car NYRAC, Inc.*, 855 F.Supp. 625 (S.D.N.Y.1994) (defendants were New York residents and automobile was rented in New York from New York rental company); *Thomas v. Hanmer*, 109 A.D.2d 80, 489 N.Y.S.2d 802 (4th Dep't 1985) (plaintiff and defendant were New York domiciliaries and both automobiles were registered and insured in New York); *Tooker v. Lopez*, 24 N.Y.2d 569, 301 N.Y.S.2d 519, 249 N.E.2d 394 (1969) (plaintiff and defendant were New York residents and car was registered and insured in New York); *Farber v. Smolack*, 20 N.Y.2d 198, 282 N.Y.S.2d 248, 229 N.E.2d 36 (1967) (all parties involved in accident were New York domiciliaries and automobile was registered in New York). Plaintiff also cites *Miller v. Miller*, 22 N.Y.2d 12, 290 N.Y.S.2d 734, 237 N.E.2d 877 (1968), in which plaintiff was a New York resident and defendants were Maine residents who moved to New York after the accident. However, the continuing validity of *Miller*'s choice of law analysis has been called into question by the landmark *Neumeier* decision. *See Barkanic v. General Admin. of Civil Aviation of the People's Republic of China*, 923 F.2d 957, 962 (2d Cir.1991). Similarly, *Johnson v. Hertz Corp.*, 315 F.Supp. 302 (S.D.N.Y.1970), which applied § 388 in favor of a Massachusetts domiciliary for injuries caused in New Jersey by an automobile rented in New York, was decided before *Neumeier* and "no longer appears to state the law of New York." *Buglioli v. Enterprise Rent–A–Car*, 811 F.Supp. 105, 109 (E.D.N.Y.), *aff'd*, 999 F.2d 536 (2d Cir. 1993). Thus, plaintiff's cases do not require a departure from the rule of lex locus delicti on the basis of the facts presented by this action (namely, that a New York passenger was injured in an accident in New Jersey involving a vehicle that was rented and registered in Virginia by a Kansas resident and the defendants are domiciled outside New York and had no reason to foresee that a New Yorker would drive the car).

■ The final issue to consider is whether New York's public policy precludes application of New Jersey law. "[P]lainly not every difference between foreign and New York law threatens our public policy. Indeed, if New York statutes or court opinions were routinely read to express fundamental policy, choice of law principles would be meaningless." *Cooney*, 81 N.Y.2d at 78–79, 595

N.Y.S.2d at 926, 612 N.E.2d 277. There is no indication that New York's policy of vicarious liability for automobile owners is a "deep-rooted tradition of the common weal" that precludes application of New Jersey law. As the New York Court of Appeals observed in *Cooney*, "resort to the public policy exception should be reserved for those foreign laws that are truly obnoxious." *Cooney*, 81 N.Y.2d at 79, 595 N.Y.S.2d at 927, 612 N.E.2d 277. In the considered judgment of the New Jersey legislature, the owner of a vehicle should not be held accountable for the negligence of a driver who was neither the agent of the owner nor a reckless or incompetent driver to whom the owner negligently rented or loaned the vehicle. The New Jersey statute is not offensive to New York public policy.

### CONCLUSION

For the foregoing reasons, New Jersey law on the vicarious liability of an automobile owner for the driver's negligent operation of the automobile applies to this action.

SO ORDERED.